UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, BY AND THROUGH ATTORNEY GENERAL XAVIER BECERRA; COUNTY OF LOS ANGELES; CITY OF LOS ANGELES; CITY OF FREMONT; CITY OF LONG BEACH; CITY OF OAKLAND; CITY OF STOCKTON,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., in his official capacity as Secretary of the U.S. Department of Commerce; U.S. DEPARTMENT OF COMMERCE; RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau; U.S. CENSUS BUREAU; DOES 1-100,<br><br>Defendants. | Case No. 3:18-cv-01865-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Dept:        3<br>Judge:       The Honorable Richard G. Seeborg<br>Trial Date:  None Set<br>Action Filed: March 26, 2018 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

Plaintiffs contend that this court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1361 (action to compel officer or agency to perform duty owed to Plaintiffs), and 5 U.S.C. §§ 701-706 (Administrative Procedure Act or APA).

Defendants contend that this Court lacks subject-matter jurisdiction because Plaintiffs lack standing. Specifically, Defendants maintain that Plaintiffs' claimed injuries of lost

representation, voting power, and funding, based on their allegation that adding a citizenship question to the 2020 Census will reduce the response rates of their residents, are too speculative and conclusory to confer Article III standing. And even if Plaintiffs could allege injuries that are concrete and non-speculative, those injuries would be not be fairly traceable to the governmental decision being challenged but would be attributable instead to the independent decisions of individuals who disregard their legal duty to respond to the census. As set forth in paragraph 4 below, Defendants will be filing a motion to dismiss that will argue, *inter alia*, that the case should be dismissed for lack of subject-matter jurisdiction for the foregoing reasons.

There are no issues regarding personal jurisdiction or venue. Defendants have been served and are subject to the personal jurisdiction of this Court.

2. <u>Facts</u>

**Plaintiffs' Statement of Facts**

On March 26, 2018, Defendant Secretary of the U.S. Department of Commerce Wilbur Ross announced that the 2020 decennial census (2020 Census) will include a question inquiring into respondents' citizenship. Defendant Ross stated in the announcement that his decision to add the question is for the purpose of acquiring information that will help the U.S. Department of Justice enforce Section 2 of the Voting Rights Act, relating to vote dilution.

Plaintiffs contend that: 1) the citizenship question was added to the 2020 for improper political purposes and not for the purpose of acquiring information that will help the U.S. Department of Justice enforce Section 2 of the Voting Rights Act; 2) any citizenship information gathered in the 2020 Census would be inaccurate and will not help the U.S. Department of Justice enforce Section 2 of the Voting Rights Act; and 3) adding a citizenship question to the 2020 Census will cause an undercount of Californians (generally, and in proportion to other states), leading to reduced federal funding to Plaintiffs and a decrease in California's number of congressional representatives.

**Defendants' Statement of Facts**

The Constitution's Enumeration Clause vests in Congress the authority to decide the manner in which the census is conducted. U.S. Const. art. I, § 2, cl. 3. Through the Census Act,

2

Joint Case Management Statement & [Proposed] Order (3:18-cv-01865)

Congress has directed the Secretary to conduct the decennial census "in such form and content as he may determine," 13 U.S.C. § 141(a), and to obtain other demographic information through that device, *id.* On March 26, 2018, in the exercise of this discretion, the Secretary of Commerce decided to reinstate a question about U.S. citizenship on the 2020 decennial census. Such citizenship information historically has been collected as far back as 1820. Citizenship information also forms an important component of enforcing the Voting Rights Act of 1965. In order to obtain such information at the census block level, the U.S. Department of Justice formally requested that a citizenship question be added back onto the census on December 12, 2017. The Secretary's decision to reinstate such a question is not subject to review but, even if it were, it is not in violation of the Constitution or arbitrary or capricious.

3. Legal Issues

**Plaintiffs' Statement of the Legal Issues**

Plaintiffs contend that Defendants' inclusion of the citizenship question on the 2020 Census violates Article I, Section 2, Clause 3 of the U.S. Constitution, the "actual Enumeration" clause. *See* U.S. Const. art. I, § 2, cl. 3. Because the question will diminish the response rates of non-citizens and their citizen relatives, California, which has the largest immigrant population in the country, and the County and City Plaintiffs will be disproportionately affected by the census undercount, and California will likely lose at least one congressional seat. The citizenship question is therefore unconstitutional because it does not bear "a reasonable relationship to the accomplishment of an actual enumeration of the population, keeping in mind the constitutional purpose of the census," which is "to determine the apportionment of the Representatives among the States." *Wisconsin v. City of New York*, 517 U.S. 1, 20 (1996).

Plaintiffs also contend that Defendants' inclusion of the citizenship question on the 2020 Census must be set aside under the APA because the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right, power, privilege or immunity," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706. This is because inclusion of the citizenship question: 1) violates Defendants' obligation to conduct an "actual Enumeration" of the population Article I, Section 2,

1  Clause 3 of the U.S. Constitution and Secretary Ross' statutory duty to "take a decennial census
2  of population" under 13 U.S.C. § 141(a); 2) would not help the U.S. Department of Justice
3  enforce Section 2 of the Voting Rights Act; and 3) violates Defendants' own policies, including
4  the under the Information Quality Act.  *See* Consolidated Appropriations Act, 2001, Pub. L. No.
5  106-554, § 515, 114 Stat. 2763 (Dec. 21, 2000).

6  **Defendants' Statement of the Legal Issues**

7  Defendants contend that the Secretary's decision to reinstate a citizenship question on the
8  2020 decennial census is not subject to review but, even if it were, it is not in violation of the
9  Constitution or arbitrary or capricious.  Defendants contend first that Plaintiffs lack standing for
10 the reasons set forth in paragraph 1 above.  Second, Defendants contend that the Constitution
11 textually commits the manner of conducting the census to Congress, and it contains no judicially
12 discoverable or manageable standards for determining which demographic questions may be
13 included on the census form. That question involves policy determinations that are ill-suited for
14 judicial resolution and that the Constitution expressly commits to the political branches.
15 Accordingly, Plaintiffs' challenge is unreviewable under the political question doctrine.

16 Third, for similar reasons, Plaintiffs are barred from proceeding under the APA
17 because the form and content of the census is committed to the Secretary's discretion by law.
18 "Congress has delegated its broad authority over the census to the Secretary [of Commerce],"
19 *Wisconsin v. City of NY*, 517 U.S. 1, 19 (1996), and it has done so in broad terms. These broad
20 delegations leave a court with no meaningful standard to apply and accordingly preclude judicial
21 review of which demographic questions the Secretary decides to include on the decennial census
22 form.

23 Fourth, the Secretary's decision does not violate the Constitution's Enumeration
24 Clause. The Secretary has developed comprehensive plans to conduct a person-by-person
25 headcount of the population, all of whom are under a legal obligation to answer, which is all the
26 Enumeration Clause requires. The Secretary's decision to reinstate a citizenship question is
27 consistent with the longstanding historical practice of asking about citizenship and other
28 demographic information. In contrast, Plaintiffs' theory would call into question the

4

constitutionality of asking any of the other long-standing demographic questions—*e.g.,* about sex, Hispanic origin, race, or relationship status—that also go beyond counting the population and that could also cause at least some individuals not to respond for any of various reasons, such as discomfort with the question or increased time needed to answer.  The constitutionality of such questions is not in serious dispute, and neither should the constitutionality of the present one.

Fifth, the Secretary's decision is not arbitrary or capricious but rather is a reasonable one based on an informed consideration of all relevant factors. The Secretary reasonably weighed the usefulness of census-block-level citizenship data against the lack of empirical evidence of a significant impact on response rates, and concluded that the reinstatement of the question, coupled with an increased use of administrative data, was warranted.

4. <u>Motions</u>

Pursuant to stipulation and order, the parties submitted simultaneous briefs on June 14 and response briefs on June 21, 2018, on the issue of whether discovery beyond the administrative record is appropriate in this action.  The court will hear oral argument at the status conference on June 28, 2018.

Plaintiffs anticipate filing a motion to supplement the administrative record and a motion for preliminary injunction and/or a motion for summary judgment.

Defendants will file a motion to dismiss the First Amended Complaint on June 21, 2018. That motion will be heard on August 9, 2018.  Should that motion to be denied, Defendants anticipate filing a motion for summary judgment.

5. <u>Amendment of Pleadings</u>

Plaintiffs do not currently intend to further amend their complaint, but reserve their right to do so.  Defendants have not filed an answer but plan to file a motion to dismiss in lieu of an answer.  The parties propose a deadline to amend the pleadings of September 17, 2018.

6. <u>Evidence Preservation</u>

The parties certify that they have reviewed the ESI Guidelines.  However, they have not yet met and conferred regarding reasonable and proportionate steps to preserve evidence due to their unresolved dispute before the court regarding whether discovery is appropriate in this action.

7. Disclosures

The parties have not made initial disclosures.

Defendants contend that they are not required to make initial disclosures under Federal Rule of Procedure 26 because the First Amended Complaint includes a claim for violation of the APA. *See* Fed. R. Civ. Proc. 26(a)(1)(B)(i). Plaintiffs contend that since the First Amended Complaint also includes a constitutional claim, the APA rule against discovery does not apply and initial disclosures are required. Plaintiffs ask the Court to order initial disclosures ten (10) days after its ruling on the discovery issue. *See* item 8, *infra*. Defendants filed the Administrative Record on June 8, 2018. Should the Court deny Defendants' request for an order that there be no discovery or, in the alternative, a stay of discovery, Defendants ask the Court to order that they provide any additional initial disclosures within thirty days after the Court's order.

8. Discovery

No discovery has been taken to date. The parties submitted simultaneous briefs on June 14 and response briefs on June 21, 2018, on the issue of whether discovery is appropriate in this action. The court will hear oral argument at the status conference on June 28, 2018. Plaintiffs believe that full discovery is appropriate in this action and that no limitations or modifications would be proper at this time. Defendants believe that discovery is not appropriate in this action. Because of this disagreement, the parties have not considered entering into a stipulated e-discovery order.

*Plaintiffs' proposal for discovery plan.*

If the Court approves discovery in this action, Plaintiffs asks the Court to order initial disclosures ten (10) days after its ruling on the discovery issue. Subjects of discovery may include: (1) the Defendants' consideration of the citizenship question, (2) the likely impact of the citizenship question on 2020 Census response rates and on congressional apportionment, and (3) the likely impact of the citizenship question on Voting Rights Act enforcement. Plaintiffs expect to take the depositions of Defendants Ross and Jarmin, and other agency officials and staff, including but not limited to John Abowd, Enrique Llamas, and Karen Kelley, as well as third-parties Robert Groves, Kris Kobach, Herbert Habermann, and Christine Pierce. All discovery,

including all hearings on discovery motions, should be completed by November 8, 2018. Electronically-stored information should be produced in load file format.

The parties currently dispute whether Defendants are obligated to produce a privilege log in connection with the administrative record and future document productions. Plaintiffs formally requested these logs during the parties' Rule 26(f) conference and Defendants denied the request. Plaintiffs therefore ask the Court to order Defendants to produce a privilege log identifying all documents withheld from the administrative record on the basis of any privilege, including the deliberative process privilege. *See* Plaintiffs' response brief on their right to discovery for supporting argument and legal authorities.

*Defendants' proposal for discovery plan.*

Should the Court deny Defendants' request for an order that there be no discovery or, in the alternative, a stay of discovery, Defendants ask the Court to order that they provide any additional initial disclosures within thirty days after the Court's order. Defendants reserve all rights to conduct fact discovery if discovery proceeds and further reserve the right to put forward timely objections to any of plaintiffs' foregoing discovery, including objections to the proposed depositions. Defendants request that Plaintiffs agree, and the Court order if necessary, that they will coordinate with regard to discovery with the attorneys representing the plaintiffs in the other cases listed in paragraph 10 below. Defendants contend that they should not be required to produce a privilege log for the materials not included in the Administrative Record, and not considered part of the Administrative Record, for the reasons set forth in Defendants' Memorandum in Support of Review on the Administrative Record and reply brief on discovery.

9. Class Actions

This case is not a class action.

10. Related Cases

The following case has been formally related to this action under Civil Local Rule 3-12(f):

*City of San Jose v. Ross*, No. 5:18-cv-02279 (N.D. Cal. filed Apr. 17, 2018).

The following related cases are pending in different venues:

*State of New York v. U.S. Dept. of Commerce*, No. 1:18-cv-02921 (S.D.N.Y. filed Apr. 3, 2018)

*Kravitz v. U.S. Dept. of Commerce*, No. 8:18-cv-01041-GJH (D. Md. filed Apr. 11, 2018)

*La Union Del Pueblo Entero v. Ross*, No. 8:18-cv-01570-GJH (D. Md. filed May 31 2018)

*New York Immigration Coalition v. U.S. Dept. of Commerce*, No. 1:18-cv-05025 (S.D.N.Y. filed June 6, 2018)

11. Relief

Plaintiffs seek the following relief:

A declaratory judgment that Defendants' inclusion of the citizenship question on the 2020 Census violates Article I, Section 2, Clause 3 of the U.S. Constitution and the APA;

Preliminary and permanent injunctions prohibiting Defendants from including a citizenship question on the 2020 Census and from taking any irreversible steps to include the question;

Costs, expenses, and reasonable attorneys' fees.

Defendants have not filed any counterclaim. Defendants contend that the relief sought in this suit—a declaratory judgment and injunction barring the Secretary of Commerce from collecting demographic information through the decennial census—is as extraordinary as it is unprecedented and that Plaintiffs are not entitled to the relief requested or to any relief whatsoever.

12. Settlement and ADR

The parties agree that settlement of this action is unlikely, and that referral to a formal ADR process is unlikely to be beneficial given the nature of this case. On June 11, 2018, this Court entered an Order granting the parties' Joint Request for Relief from Automatic Referral to ADR Multi-Option Program.

13. Consent to Magistrate Judge for All Purposes

Plaintiff State of California filed a declination to magistrate judge jurisdiction on March 27, 2018. *See* ECF No. 5.

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties are open to stipulating to facts relating to public statements and documents, though they have not yet identified the specific facts.

16. <u>Expedited Trial Procedure</u>

This case is not suitable for the Expedited Trial Procedure of General Order 64.

17. <u>Scheduling</u>

The parties propose as follows:

|  | Plaintiffs' proposal | Defendants' proposal |
|---|---|---|
| Designation of experts | August 22, 2018 |  |
| Designation of rebuttal experts | September 12, 2018 |  |
| Discovery cut-off, including hearings on discovery motions | October 25, 2018 |  |
| Hearings on dispositive motions | November 29, 2018 |  |
| Pretrial conference | December 6, 2018 |  |
| Trial | December 11, 2018 |  |

Plaintiffs suggest a shortened briefing schedule for any motion to compel filed on or after September 13, 2018, and will timely meet and confer to determine the specific briefing schedule and hearing date for such a motion.

As stated above, Defendants' position is that this case involves review on the Administrative Record and review is limited to that record. If the Court orders that discovery should proceed, Defendants request that the Court allow the parties 7 days from entry of such Order to submit a proposed schedule. If the Court determines to adopt Plaintiffs' proposed

schedule, Defendants request that Plaintiffs should coordinate discovery as much as possible with the attorneys representing the plaintiffs in the other cases listed in paragraph 10 above.  If such coordination does not occur, Defendants reserve the right to move for an extension of any of the above deadlines based on the failure of coordination and the resulting effect this will have on Defendants' ability to meet the foregoing deadlines.

18. <u>Trial</u>

If trial is necessary, the parties agree that a bench trial of this case and the related case No. 18-2279 would require 7-10 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

As government agencies, the parties are exempt from the requirement to file a Certification of Interested Entities or Persons.  *See* Civil L.R. 3-15(a).

20. <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

At the June 28, 2018, status conference the Court will hear oral argument on whether discovery is appropriate in this case.  Other than the matters addressed in the related briefing, there are no other matters that the parties believe the Court should address at the status conference.

| | | |
|---|---|---|
| 1 | Dated: June 21, 2018 | Respectfully Submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | MARK R. BECKINGTON<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | /s/   Gabrielle D. Boutin<br>GABRIELLE D. BOUTIN |
| 7 | | R. MATTHEW WISE<br>Deputy Attorneys General<br>*Attorneys for Plaintiff State of California, by* |
| 8 | | *and through Attorney General Xavier Becerra* |
| 9 | | |
| 10 | Dated: June 21, 2018 | */s/ Margaret L. Carter* _____<br>MARGARET L. CARTER, SBN 220637 |
| 11 | | DANIEL R. SUVOR |
| 12 | | O'MELVENY & MYERS LLP<br>400 S. Hope Street |
| 13 | | Los Angeles, CA 90071<br>Telephone: (213) 430-8000 |
| 14 | | Fax: (213) 430-6407<br>Email: dsuvor@omm.com |
| 15 | | *Attorneys for Plaintiff County of Los Angeles* |
| 16 | | |
| 17 | Dated: June 21, 2018 | MIKE FEUER<br>City Attorney for the City of Los Angeles |
| 18 | | */s/ Valerie Flores* _____<br>VALERIE FLORES, SBN 138572 |
| 19 | | Managing Senior Assistant City Attorney<br>200 North Main Street, 7th Floor, MS 140 |
| 20 | | Los Angeles, CA  90012<br>Telephone: (213) 978-8130 |
| 21 | | Fax: (213) 978-8222<br>Email: Valerie.Flores@lacity.org |
| 22 | | |
| 23 | Dated: June 21, 2018 | HARVEY LEVINE<br>City Attorney for the City of Fremont |
| 24 | | */s/ Harvey Levine* _____<br>SBN 61880 |
| 25 | | 3300 Capitol Ave.<br>Fremont, CA 94538 |
| 26 | | Telephone: (510) 284-4030<br>Fax: (510) 284-4031 |
| 27 | | Email: hlevine@fremont.gov |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated:  June 21, 2018 | CHARLES PARKIN<br>City Attorney for the City of Long Beach |
| 2 | | |
| 3 | | */s/ Michael J. Mais* _____<br>MICHAEL K. MAIS, SBN 90444<br>Assistant City Attorney |
| 4 | | 333 W. Ocean Blvd., 11th Floor<br>Long Beach CA, 90802 |
| 5 | | Telephone: (562) 570-2200<br>Fax: (562) 436-1579 |
| 6 | | Email: Michael.Mais@longbeach.gov |
| 7 | | |
| 8 | Dated:  June 21, 2018 | BARBARA J. PARKER<br>City Attorney for the City of Oakland |
| 9 | | */s/ Erin Bernstein*_____<br>MARIA BEE |
| 10 | | Special Counsel<br>ERIN BERNSTEIN, SBN 231539 |
| 11 | | Supervising Deputy City Attorney<br>MALIA MCPHERSON |
| 12 | | Attorney<br>City Hall, 6th Floor |
| 13 | | 1 Frank Ogawa Plaza<br>Oakland, California 94612 |
| 14 | | Telephone: (510) 238-3601<br>Fax: (510) 238-6500 |
| 15 | | Email: ebernstein@oaklandcityattorney.org |
| 16 | | |
| 17 | Dated:  June 21, 2018 | JOHN LUEBBERKE<br>City Attorney for the City of Stockton |
| 18 | | */s/ John Luebberke* _____<br>SBN 164893 |
| 19 | | 425 N. El Dorado Street, 2nd Floor<br>Stockton, CA 95202 |
| 20 | | Telephone: (209) 937-8333<br>Fax: (209) 937-8898 |
| 21 | | Email: John.Luebberke@stocktonca.gov |
| 22 | | |
| 23 | Dated:  June 21, 2018 | CHAD A. READLER<br>Acting Assistant Attorney General |
| 24 | | BRETT A. SHUMATE<br>Deputy Assistant Attorney General |
| 25 | | |
| 26 | | CARLOTTA P. WELLS<br>Assistant Branch Director |
| 27 | | */s/  Kate Bailey*____<br>KATE BAILEY |
| 28 | | STEPHEN EHRLICH |

| | |
|---|---|
| 1 | CAROL FEDERIGHI |
| | Trial Attorneys |
| 2 | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| 3 | 20 Massachusetts Avenue NW |
| | Washington, DC 20530 |
| 4 | Phone: (202) 305-9803 |
| | Email: kate.bailey@usdoj.gov |
| 5 | *Attorneys for Defendants* |

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
The Honorable Richard G. Seeborg
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

Case Name: **State of California, et al. v. Wilbur L. Ross, et al.**   No. **3:18-cv-01865**

I hereby certify that on June 21, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 21, 2018, at Sacramento, California.

|  |  |
| --- | --- |
| Tracie L. Campbell | */s/ Tracie Campbell* |
| Declarant | Signature |

SA2018100904
13133943.docx