XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE, SBN 238485
GABRIELLE D. BOUTIN, SBN 267308
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6053
 Fax: (916) 324-8835
 E-mail: Gabrielle.Boutin@doj.ca.gov
*Attorneys for State of California, by and through Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, BY AND THROUGH ATTORNEY GENERAL XAVIER BECERRA; COUNTY OF LOS ANGELES; CITY OF LOS ANGELES; CITY OF FREMONT; CITY OF LONG BEACH; CITY OF OAKLAND; CITY OF STOCKTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**WILBUR L. ROSS, JR., in his official capacity as Secretary of the U.S. Department of Commerce; U.S. DEPARTMENT OF COMMERCE; RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau; U.S. CENSUS BUREAU; DOES 1-100,**<br><br>Defendants. | Case No. 3:18-cv-01865<br><br>**PLAINTIFFS' RESPONSIVE BRIEF RE: RIGHT TO TAKE DISCOVERY**<br><br>Date: June 28, 2018<br>Time: 2:30 p.m.<br>Dept: 3<br>Judge: The Honorable Richard G. Seeborg<br><br>Trial Date: None set<br>Action Filed: March 26, 2018 |

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    This Case, Which Includes a Distinct and Independent Constitutional Claim, Should Not Be Reviewed on the Administrative Record Alone ................. 2

    II.   Discovery Should Begin Immediately ..................................................................... 4

    III.  Defendants Should Produce a Privilege Log for All Documents Withheld, Including Those Withheld from the Administrative Record .................................. 5

CONCLUSION ........................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Carey v. Klutnick*
  637 F.2d 834 (2d Cir. 1980) ................................................................................................4

*Cascadia Wildlands Project v. U.S. Forest Serv.*
  386 F. Supp. 2d 1149 (D. Or. 2005) ...................................................................................1

*Charlton Mem'l Hosp. v. Sullivan*
  816 F. Supp. 50 (D. Mass. 1993) ........................................................................................3

*Chiayu Chang v. U.S. Citizenship & Immigration Servs.*
  254 F. Supp. 3d 160 (D.D.C. 2017) ....................................................................................3

*Cook Inletkeeper v. U.S. EPA*
  400 F. App'x 239 (9th Cir. 2010) .......................................................................................6

*Ctr. for Food Safety v. Vilsack*
  No. 15-cv-01590-HSG (KAW), 2017 WL 1709318 (N.D. Cal. May 3, 2017) .................5

*Dep't of Commerce v. U.S. House of Representatives*
  525 U.S. 316 (1999) ............................................................................................................4

*Evans v. Salazar*
  No. C08-0372-JCC, 2010 WL 11565108 (W.D. Wash. July 7, 2010) ..........................3, 5

*Grill v. Quinn*
  No. CIV S-10-0757 GEB GGH PS, 2012 WL 174873 (E.D. Cal. Jan. 20, 2012) ............2

*Harvard Pilgrim Health Care of New England v. Thompson*
  318 F. Supp. 2d 1 (D.R.I. 2004) .........................................................................................3

*In re United States*
  138 S. Ct. 443 (2017) ..........................................................................................................4

*Inst. for Fisheries Res. v. Burwell*
  No. 16-cv-01574-VC, 2017 WL 89003 (N.D. Cal. Jan. 10, 2017) ....................................6

*Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*
  58 F. Supp. 3d 1191 (D.N.M. 2014) ..................................................................................3

*Jones v. Rose*
  No. 00-CV-1795-BR, 2008 WL 552666 (D. Or. Feb. 28, 2008) .......................................2

*Karnoski v. Trump*
  No. C17-1297-MJP, 2018 WL 1880046 (W.D. Wash. Apr. 19, 2018) .............................4

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Pub. Power Council v. Johnson*
   674 F.2d 791 (9th Cir. 1982) ............................................................................................ 1

*Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*
   No. 3:17-cv-05211-WHA, 2017 WL 4642324 (N.D. Cal. Oct. 17, 2017) ..................... 2, 5

*U.S. Dep't of Commerce v. Montana*
   503 U.S. 442 (1992) ........................................................................................................... 4

*United States v. District of Columbia*
   897 F.2d 1152 (D.C. Cir. 1990) ........................................................................................ 3

*Western Energy Co. v. U.S. Dep't of Interior*
   932 F.2d 807 (9th Cir. 1991) ............................................................................................. 3

*Wisconsin v. City of New York*
   517 U.S. 1 (1996) ............................................................................................................... 5

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   Article I, § 2, cl. 3 ............................................................................................................... 5

**COURT RULES**

Federal Rules of Civil Procedure
   § 26(b)(1) ............................................................................................................................ 5
   § 26(b)(5) ............................................................................................................................ 6

Plaintiffs' Responsive Brief Re: Right to Take Discovery (3:18-cv-01865)

**INTRODUCTION**

Plaintiffs seek an immediate order allowing discovery. In response, Defendants argue that discovery should be prohibited because Plaintiffs' "constitutional claims overlap with APA [Administrative Procedure Act] claims." Defs.' Mem. in Supp. of Rev. on the Admin. R. (Defs.' Mem.) 1. Yet Plaintiffs' constitutional claim addresses the citizenship question's effect on congressional apportionment, not the administrative process. The Court should confirm that Plaintiffs may take discovery related to the distinct issue raised by their constitutional claim. Plaintiffs have also shown substantial "circumstances to justify expanding [the] record or permitting discovery," *Pub. Power Council v. Johnson*, 674 F.2d 791, 795 (9th Cir. 1982)—specifically that Defendants' decision to add the citizenship question to the 2020 Census was made in bad faith.[1] Pls.' Opening Br. Re: Right to Take Discovery (Pls.' Opening Br.) 6-9.

Defendants suggest that, at most, discovery should only be permitted after the Court denies Defendants' motion to dismiss. Defs.' Mem. 1. But given the urgency in resolving this case, discovery must begin immediately. In less than a year—June 2019, to be exact—the U.S. Census Bureau (Bureau) will "[i]mplement printing, addressing, and mailing of Internet invitations, reminder cards or letters, and paper questionnaire packages" for the 2020 Census.[2] This case, including any appeals, must be fully resolved by that time, so that the Bureau knows with certainty whether it may include a citizenship question on the census questionnaire. To meet this deadline, Plaintiffs have proposed an expedited schedule that culminates with a court trial in December. Even if, on the day of the initial case management conference, the Court issues an

---

[1] In an effort to show that they did not act in bad faith, Defendants filed a "Supplement to Administrative Record" on the last date for briefing on this discovery issue. *See* Supplemental Memorandum, ECF No. 33-1. This supplement, which consists of a June 21, 2018 "memorandum" from Secretary Ross, is not properly a part of the administrative record. *Cascadia Wildlands Project v. U.S. Forest Serv.*, 386 F. Supp. 2d 1149, 1158 (D. Or. 2005) ("[A]n agency cannot rely on 'post hoc rationalizations' to defend its earlier decisions.") (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 212 (1988)). Defendants are effectively attempting to submit an unsworn declaration while also claiming that the declarant should be exempt from discovery. In any event, this memorandum provides additional evidence of bad faith. While Secretary Ross indicated in his March 26, 2018 that he began looking at whether to add a citizenship question based on a Department of Justice request, he now states that the idea to add the question came from "senior Administrative officials." *Compare* AR 1313 *to* AR 1321.

[2] *See* U.S. CENSUS BUREAU, 2020 CENSUS OPERATIONAL PLAN: A NEW DESIGN FOR THE 21ST CENTURY (Sept. 2017) at 89, https://www2.census.gov/programs-surveys/decennial/2020/program-management/planning-docs/2020-oper-plan3.pdf.

1   order authorizing Plaintiffs to conduct discovery, this compressed schedule leaves little more than
2   four months for all discovery to be completed. Defendants' proposal to delay the start of
3   discovery until after the ruling on the motion to dismiss is unrealistic.

4   Finally, echoing their position on making initial disclosures, *see* Pls. Opening Br. 4,
5   Defendants argue that they should not be required to produce a privilege log with the
6   administrative record because "privileged materials are not properly part of an administrative
7   record." Defs.' Mem. 1. Given that every court in the Northern District has reached the opposite
8   conclusion, *see*, *e.g.*, *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. 3:17-cv-
9   05211-WHA, 2017 WL 4642324, at *7 (N.D. Cal. Oct. 17, 2017) (collecting cases), Defendants
10  should be required to produce a privilege log for all documents withheld on grounds of privilege,
11  including documents withheld from the administrative record.

## ARGUMENT

**I.   THIS CASE, WHICH INCLUDES A DISTINCT AND INDEPENDENT CONSTITUTIONAL CLAIM, SHOULD NOT BE REVIEWED ON THE ADMINISTRATIVE RECORD ALONE**

15  Plaintiffs bring two claims in their First Amended Complaint (FAC)—(1) that because of
16  the inclusion of a citizenship question on the 2020 Census, Defendants cannot fulfill their
17  constitutional obligation to conduct an "actual enumeration" of the total population of each state,
18  and (2) that Defendants' decision to add a citizenship question was arbitrary and capricious in
19  violation of the APA. FAC ¶¶ 47-59, ECF No. 12. Defendants argue that Plaintiffs should not be
20  permitted to conduct discovery related to their first claim, asserting that "Congress did not carve
21  out constitutional claims from the record-review procedures that govern challenges to final
22  agency actions." Defs.' Mem. 6. Yet "[a] direct constitutional challenge is reviewed independent
23  of the APA," and thus, "discovery as to the non-APA claim is permissible." *Grill v. Quinn*, No.
24  CIV S-10-0757 GEB GGH PS, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (citing *Porter v.*
25  *Califano*, 592 F.2d 770, 781 (5th Cir. 1979) and *Miccosukee Tribe of Indians of Fla. v. United*
26  *States*, No. 08-23001-CIV, 2010 WL 337653, at *2 (S.D. Fla. 2010)); *see also Jones v. Rose*, No.
27  00-CV-1795-BR, 2008 WL 552666, at *12 (D. Or. Feb. 28, 2008), *aff'd*, 495 F. App'x 788 (9th
28  Cir. 2012).

Defendants argue that this rule does not apply because in their view, "Plaintiffs' constitutional claims fundamentally overlap with their other APA claims." Defs.' Mem. 7 (citing *Chiayu Chang v. U.S. Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (*Chiayu Chang*)). But this case is not like *Chiayu Chang*, where the constitutional claims raised the same issue as the APA claims—whether the agency action was rational or irrational. *Chiayu Chang*, 254 F. Supp. 3d at 162. Here, the constitutional claim looks only at the effect of citizenship question on the apportionment of congressional seats, while the APA claim addresses a separate issue—the flawed process that led Defendants to decide to add the question to the 2020 Census.

The other cases Defendants cite in support of their argument are similarly distinguishable. *See*, *e.g.*, *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014) (discovery denied where relationship between plaintiffs and agency was "fundamentally that of tribunal and litigant, and not that of adversarial parties to a lawsuit"); *Evans v. Salazar*, No. C08-0372-JCC, 2010 WL 11565108, at *2 (W.D. Wash. July 7, 2010) (*Evans*) (protective order granted only after the court allowed plaintiffs "an opportunity to present specific discovery requests"); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) (discovery denied because plaintiff failed to exhaust constitutional claims during the administrative process); *Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 51, 54 (D. Mass. 1993) (discovery denied where plaintiffs failed to show good cause to conduct "broad-ranging, open-ended discovery" in action that "primarily" involved judicial review of agency action setting Medicare payment rates). While the constitutional claims in those cases were secondary to the APA claims, and in some cases, appeared to have been strategically added in an attempt to secure the right to discovery, the constitutional claim here is central to Plaintiffs' case, and could have been brought alone, without an accompanying APA claim. *See United States v. District of Columbia*, 897 F.2d 1152, 1158 (D.C. Cir. 1990) ("Because the district court could have rested its holding solely on the constitutional basis it identified and with which the United States does not quarrel, resort to the APA as a basis for judicial review, and as a component of the court's resultant remedy, was unnecessary."); *cf. Western Energy Co. v. U.S.*

3

Plaintiffs' Responsive Brief Re: Right to Take Discovery (3:18-cv-01865)

*Dep't of Interior*, 932 F.2d 807, 809 (9th Cir. 1991) (court conducts de novo review of claims that agency action violated constitutional rights).

For this reason, the Court need not be concerned that granting discovery would incentivize similarly situated plaintiffs to add constitutional claims to "circumvent" review on the record, as Defendants suggest. *Contra* Defs.' Mem. 7. Indeed, Plaintiffs should not have to dismiss a cognizable APA claim merely to preserve the right to discovery related to their constitutional claim. *See Karnoski v. Trump*, No. C17-1297-MJP, 2018 WL 1880046, at *1 (W.D. Wash. Apr. 19, 2018) (finding "no reason for discovery to be confined to the administrative record" where plaintiffs "do not challenge the policy under the APA, but instead raise direct constitutional claims").

In short, this Court should confirm that Plaintiffs may conduct discovery to advance their constitutional claim. In addition, as set forth in their opening brief, Plaintiffs should be permitted to conduct discovery to supplement the administrative record because the decision to add a citizenship question was made in bad faith. *See* Pls.' Opening Br. 6-9.

**II.   DISCOVERY SHOULD BEGIN IMMEDIATELY**

Plaintiffs have proposed a discovery cut-off of November 8, 2018—just over four months after the case management conference. Joint Case Management Statement 6-7, ECF No. 34. Despite this expedited schedule, Defendants argue that discovery should not be allowed until the Court has denied their motion to dismiss. Defs.' Mem. 1, 8 (citing *In re United States*, 138 S. Ct. 443, 445 (2017)). Because the earliest that the Court will rule on Defendants' motion to dismiss is at the hearing on August 9, 2018, Defendants' request, if granted, would effectively slash the already abbreviated period for discovery in half, from four months to just over two months.[3]

---

[3] In contrast to the Deferred Action for Childhood Arrivals (DACA) litigation, in which the defendants raised "serious" threshold arguments that merited further consideration, *In re United States*, 138 S. Ct. at 445, here, under directly governing U.S. Supreme Court precedent, Defendant's motion to dismiss clearly lacks merit. For example, Plaintiffs have sufficiently alleged standing. *See Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 331 (1999) ("expected loss of a Representative to the United States Congress undoubtedly satisfied the injury-in-fact requirement" for Article III standing); *see also Carey v. Klutnick*, 637 F.2d 834, 836, 838 (2d Cir. 1980) (city had standing based on "claim that the census undercount will result in a loss of federal funds"). Further, Plaintiffs' claims do not raise a political question. *See U.S. Dep't of Commerce v. Montana*, 503 U.S. 442, 458-59 (1992) (a constitutional challenge to

4

Plaintiffs' Responsive Brief Re: Right to Take Discovery (3:18-cv-01865)

1    The Court has broad discretion over the scope of discovery.  *See* Fed. R. Civ. Proc.
2    26(b)(1).  Here, "the importance of the issues at stake in the action" and "the importance of the
3    discovery in resolving the issues" warrant immediate discovery, particularly because the early
4    cut-off inherently limits the breadth of discovery, and accordingly, the Defendants' burden of
5    production.  *See id.*  Although the discovery Plaintiffs have proposed is focused, Defendants can
6    always seek a protective order if they believe that Plaintiffs' discovery exceeds the scope
7    permitted by the Federal Rules of Civil Procedure.  *See Evans*, 2010 WL 11565108, at *2.  Given
8    the exigency and this available remedy, no limitations should be placed on Plaintiffs' right to
9    conduct discovery at this juncture.  Discovery should begin forthwith.

### III. DEFENDANTS SHOULD PRODUCE A PRIVILEGE LOG FOR ALL DOCUMENTS WITHHELD, INCLUDING THOSE WITHHELD FROM THE ADMINISTRATIVE RECORD

When counseling other federal agencies on preparing the administrative record, the U.S. Department of Justice has advised that "[i]f documents and materials are determined to be privileged or protected, the index of record must identify the documents and materials, reflect that they are being withheld, and state on what basis they are being withheld."[4]  Yet Defendants take the opposite approach here, arguing that they should not be required to produce a privilege log because "[p]rivileged materials, including those that are deliberative in nature, do not form part of the record."  Defs.' Mem. 8.  This position has been squarely rejected by every decision from this district to consider the issue.  *See*, *e.g.*, *Regents of Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, *supra*, 2017 WL 4642324, at *7-8 (Judge William Alsup), *Ctr. for Food Safety v. Vilsack*, No. 15-cv-01590-HSG (KAW), 2017 WL 1709318, at *5 (N.D. Cal. May 3, 2017) (Magistrate Judge Kandis Westmore) ("[C]ourts in this district have required parties withholding documents on the

---

government's conduct of the census is not barred by the political question doctrine).  Nor is Defendants' challenged conduct "committed to agency discretion by law" under the APA, because the Constitution prohibits the government from taking unreasonable actions in light of the role of the census in congressional apportionment.  *Wisconsin v. City of New York*, 517 U.S. 1, 19-20 (1996).  And, because the FAC alleges that Defendants' addition of the citizenship question was and is unreasonable under that standard, Plaintiffs have stated a claim under the Constitution's "actual enumeration" clause.  *See id.;* U.S. Const. art. I, § 2, cl. 3.

[4] U.S. Dep't of Justice, Env't and Nat. Res. Div., *Guidance to Federal Agencies on Compiling the Administrative Record*, at 4 (Jan. 1999), http://environment.transportation.org/pdf/programs/usdoj_guidance_re_admin_record_prep.pdf (last visited June 20, 2018).

1  basis of the deliberative process privilege to, at a minimum, substantiate those claims in a
2  privilege log."); *Inst. for Fisheries Res. v. Burwell*, No. 16-cv-01574-VC, 2017 WL 89003, at *1
3  (N.D. Cal. Jan. 10, 2017) (Judge Vince Chhabria) ("If a privilege applies, the proper strategy isn't
4  pretending the protected material wasn't considered, but withholding or redacting the protected
5  material and then logging the privilege.").

6      Defendants primarily rely on out-of-circuit cases to support their argument. Defs.' Mem. 8-
7  9. In those cases, as well as in the one Ninth Circuit case they cite, the courts determined that a
8  privilege log was not required because the administrative record was complete. *See*, *e.g.*, *Cook*
9  *Inletkeeper v. U.S. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) (denying "accompanying" motion
10 to require preparation of privilege log after finding that plaintiff failed to show that
11 supplementation of the record was appropriate). But even under this reasoning, the Court should
12 require Defendants to produce a privilege log, given Plaintiffs' detailed allegations showing that
13 bad faith tainted the decision-making process that resulted in the inclusion of a citizenship
14 question on the 2020 Census.[5] Pls.' Opening Br. 6-9. Nor should "[p]ractical considerations,"
15 including the inconvenience of preparing a privilege log, Defs.' Mem. 9, relieve Defendants of
16 their duty to prepare one; such concerns have not been recognized as providing an exception to
17 the requirement that a party produce a privilege log for all documents withheld from production.
18 *See* Fed. R. Civ. Proc. 26(b)(5).

### CONCLUSION

20     Plaintiffs respectfully request that this Court issue an order (1) confirming Plaintiffs' right
21 to discovery outside the administrative record, (2) directing the parties to make initial disclosures
22 within ten days of the Court's order and allowing discovery to begin forthwith, and (3) ordering
23 Defendants to produce a privilege log within ten days of the Court's order, and in connection with
24 all future document productions.

---

[5] The need for a privilege log is all the more apparent given Secretary Ross's memorandum acknowledging the "deliberative process" he undertook included "various discussions with other governmental officials" and consultations with "Federal governmental components." *See* Supplemental Memorandum, ECF No. 33-1.

| | | |
|---|---|---|
| 1 | Dated: June 21, 2018 | Respectfully Submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | MARK R. BECKINGTON<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | */s/ R. Matthew Wise* |
| 6 | | GABRIELLE D. BOUTIN<br>R. MATTHEW WISE |
| 7 | | Deputy Attorneys General<br>*Attorneys for State of California, by and* |
| 8 | | *through Attorney General Xavier Becerra* |
| 9 | SA2018100904<br>13120579.docx | |

7

# CERTIFICATE OF SERVICE

| Case Name: | **State of California, et al. v. Wilbur L. Ross, et al.** | No. | **3:18-cv-01865** |

I hereby certify that on June 21, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFFS' RESPONSIVE BRIEF RE: RIGHT TO TAKE DISCOVERY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 21, 2018, at Sacramento, California.

| Tracie L. Campbell | */s/ Tracie Campbell* |
|---|---|
| Declarant | Signature |

SA2018100904
13134020.docx