XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE
Deputy Attorney General
State Bar No. 238485
GABRIELLE D. BOUTIN
Deputy Attorney General
State Bar No. 267308
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-6053
 Fax:  (916) 324-8835
 E-mail:  Gabrielle.Boutin@doj.ca.gov
*Attorneys for State of California, by and through
Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA, by and through Attorney General Xavier Becerra, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**WILBUR L. ROSS, JR., in his official capacity as Secretary of the U.S. Department of Commerce; U.S. DEPARTMENT OF COMMERCE; RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau; U.S. CENSUS BUREAU; DOES 1-100,**<br><br>Defendants. | 3:18-cv-01865<br><br>**JOINT REPORT ON COORDINATION OF DISCOVERY**<br><br>Dept:   3<br>Judge:   The Honorable Richard G. Seeborg<br>Trial Date:   None set<br>Action Filed:  3/26/2018 |

Pursuant to the Court's request during the June 28, 2018 hearing and status conference in the above-referenced action, the Parties have met and conferred regarding scheduling issues and the scope of discovery and submit this joint report setting forth (1) their efforts to coordinate discovery between the multiple cases challenging the decision of Defendants Wilbur Ross, the U.S. Department of Commerce, Ron Jarmin, and the U.S. Census Bureau (collectively, "Defendants") to include a citizenship question on the 2020 Decennial Census (collectively, the "Census Cases"),[1] (2) a joint proposed schedule, and (3) specific suggestions regarding the scope of discovery.

I. **ORDER IN THE NEW YORK CASES REGARDING DISCOVERY AND DISCOVERY COORDINATION EFFORTS AMONG THE CENSUS CASES**

    A. **Order in the New York Cases Regarding Discovery and Plaintiffs' Responses**

On July 3, 2018, during a hearing in the New York cases regarding Defendants' motion to dismiss and whether extra-record discovery was appropriate, the Honorable Jesse Furman ordered Defendants to supplement the administrative record, produce initial disclosures, and produce a privilege log. *State of New York, et al. v. United States Department of Commerce, et al.*, Case No. 18-cv-2921, Doc. 199. The court also authorized the plaintiffs in the New York cases to conduct discovery in accordance with the Federal Rules of Civil Procedure, subject to specific limitations as set forth in the court's order. *Id.* A copy of that order is attached hereto for reference as **Exhibit A.**

On July 23 and July 27, 2018, in response to Judge Furman's order, Defendants produced 9,932 additional pages of documents that they called "supplemental materials pursuant to the Court's July 3, 2018 order." Defendants filed a "Notice of Filing" in the New York Cases in which they wrote that they "maintain their position that this challenge to a final agency action is

---

[1] In addition to the two related cases pending before this Court, *California, et al. v. Ross et al.*, No. 18-cv-01865 (RS) and *City of San Jose, et al. v. Ross et al.*, No. 18-cv-02279 (RS) (collectively, the "California Cases"), the Census cases include two cases brought in the Southern District of New York, *State of New York et al. v. U.S. Department of Commerce et al.*, No. 18-cv-02921 (JMF), and *New York Immigration Coalition, et al. v. U.S. Department of Commerce, et al.*, No. 18-cv-05025 (JMF) (collectively, the "New York Cases"), and two cases brought in the District of Maryland, *Kravitz, et al. v. U.S. Department of Commerce, et al.*, No. 18-cv-01041 (GJH), and *La Unión del Pueblo Entero, et al. v. Ross, et al.*, No. 18-cv-01570 (GJH) (collectively, the "Maryland Cases").

properly reviewed, if at all, on the basis of the administrative record produced by the Department of Commerce on June 8 and 21, 2018." (Docket No. 216, *State of New York et al. v. Department of Commerce et al.* 18-cv-02921 (July 27, 2018)).  Defendants made the supplemental materials publicly available.  However, Defendants have not filed the supplemental materials or a notice of filing on the case docket in this action.

In addition, Defendants produced a privilege log in the New York Cases that spans 138 pages.  The plaintiffs in the New York Cases will be challenging Defendants' assertion of privilege regarding myriad documents, including documents that Defendants have withheld or redacted on the basis of the deliberative process privilege.

### B. Discovery Coordination Among the Parties in the Census Cases

A letter regarding discovery coordination has been filed in the New York Cases and has been attached to this joint statement as **Exhibit B**.  Judge Furman adopted the discovery coordination letter in an order dated August 4, 2018.  The letter's key provisions are summarized below.

To coordinate discovery and minimize redundancy, plaintiffs in all Census Cases have formed a steering committee, comprised of representatives from each Census Case.  To the extent possible, the plaintiffs will attempt to coordinate discovery requests going forward to avoid duplicative inquiries and to reduce the number of discovery requests to Defendants.

The Parties have agreed to the procedures below unless this Court grants Defendants' motion to dismiss or denies Plaintiffs' request for additional discovery.

#### 1. Depositions

Currently, the depositions authorized in the New York Cases are in the process of being scheduled.  Defendants have agreed that plaintiffs' counsel in all Census Cases may fully participate in those depositions.  All plaintiffs will strive to depose each witness only once, but the plaintiffs have not waived their rights to seek additional examination time, and the California and Maryland Plaintiffs have not waived their rights to seek depositions of additional witnesses in their respective actions.  The Parties have agreed to meet and confer if the steering committee has a reasonable belief that any deposition will call for more than seven hours of examination time.

Counsel for Defendants and all plaintiffs have proposed to the Southern District of New York that discovery disputes arising during depositions will be raised in the Southern District of New York, while disputes arising outside of a deposition will be raised before the applicable court.

### 2. Document Discovery

Defendants agree that discovery responses in one case may be used in all Census Cases. Discovery responses will be provided to the New York State Plaintiffs, and thereafter will be made available to all Census Case plaintiffs through a secure document repository.  The plaintiffs in the Census Cases will maintain a document management system to share discovery and reduce duplication.

## II. THE PARTIES' PROPOSED SCHEDULES

Should the Court grant Plaintiffs' request for discovery beyond the administrative record, the Parties propose the following schedules:

**Plaintiffs' proposed schedule:**

Defendants' initial disclosures shall be due on **August 17, 2018**.

Parties shall designate expert witnesses by **September 12, 2018**.

Parties shall designate rebuttal witnesses by **September 26, 2018.**

Discovery shall close on **October 4, 2018**.

Any dispositive motions shall be heard by **November 29, 2018.**

A joint pretrial conference shall be held on **January 3, 2019.**

Trial shall begin on **January 7, 2019.**

**Defendants' proposed schedule:**

The Parties' initial disclosures shall be due seven days after the Court's order.

Plaintiffs shall disclose their expert reports 35 days after the Court's order.

Defendants shall disclose their expert reports 49 days after the Court's order.

Plaintiffs shall disclose their rebuttal expert reports, if any, 56 days after the Court's order.

Discovery shall close 70 days after the Court's order.

Any dispositive motions shall be filed within 84 days of the Court's order

### III. STIPULATION FOR DISCOVERY IN THIS CASE

#### A. Agreement to Terms of Discovery Coordination Letter

All Parties agree to abide by the terms of the discovery stipulation letter filed and adopted in the New York Cases. This includes that, unless this Court grants Defendants' motion to dismiss or denies Plaintiffs' request for discovery beyond the administrative record, discovery responses served, documents produced, and depositions jointly taken in any of the Census Cases may be used in this action.

#### B. Document Discovery

On June 28, 2018, Plaintiffs in this action served early document requests pursuant to Federal Rule of Civil Procedure 25(d)(2). These requests were identical to those previously served on Defendants by the *City of San Jose* Plaintiffs on May 23, 2018.

**Plaintiffs' position:** Pursuant to Rule 34(b)(2)(A), Defendants' response to the requests ordinarily would have been due "within 30 days after the parties' first Rule 26(f) conference." Accordingly, Plaintiffs contend that if the Court grants their pending motion for discovery outside the administrative record, Defendants be given no more than seven days to produce all responsive nonprivileged documents. In Plaintiffs' view, requiring production within seven days of the Court's ruling would be appropriate given that Defendants have had notice of the requests since May 23, and in light of the Court's comments to that effect during the June 28, 2018 hearing.[2] Further, although Plaintiffs will continue to coordinate with the plaintiffs from the Census Cases, Plaintiffs expressly reserve their rights to challenge Defendants' privilege designations and to otherwise seek documents outside of the administrative record and beyond Defendants' document productions to date.

**Defendants' position:** If the Court grants Plaintiffs' request for discovery outside the administrative record, Plaintiffs should serve new document requests, taking into account the

---

[2] When counsel for San Jose and BAJI raised this point in the hearing, the Court stated, "And I think it's a fair point that they are now on notice of at least some of what you want; and it behooves them to at least know where it is that they can find it, if they're called upon to do that." Transcript of Proceedings, June 28, 2018 at 15:15-18.

substantial volume of materials that has been produced, and continues to be produced, during the pendency of Plaintiffs' request. As noted above, Plaintiffs have had access to these productions, and will have access to future productions, in accordance with the stipulation letter filed and adopted in the New York Cases.

### C.     Administrative Record

**Plaintiffs' position:** Plaintiffs contend that, should the Court rule that Plaintiffs may conduct discovery in this action, the supplemental documents that Defendants produced on July 23 and 27 should be considered part of the administrative record in this matter and be available for use in dispositive motions and at trial. In Defendants' "Notice of Filing," they contend that they have produced certain unspecified documents that are "a broader set of materials than would normally be considered appropriate for an administrative record"—even though they produced those materials pursuant to Judge Furman's Order requiring them to "produce the complete" administrative record. Defendants' position, if adopted by this Court, would effectively foreclose this Court and any appellate court from considering the supplemental materials—many of which directly support Plaintiffs' allegations in this case—in adjudicating the merits of Plaintiffs' claims. Plaintiffs expressly reserve their rights to challenge Defendants' privilege designations and to otherwise seek documents outside of the administrative record and beyond Defendants' document production to date.

**Defendants' position:** Defendants produced "a broader set of materials than would normally be considered appropriate for an administrative record" in the New York Cases by waiving deliberative-process privilege over numerous documents—which was not required by Judge Furman—including emails, internal communications, and drafts. Defendants agree to file notices of supplemental materials to the same extent as in the other Census Cases if the Court grants Plaintiffs' request for discovery beyond the administrative record and orders the production of such supplemental materials to the same extent as Judge Furman. Defendants expressly reserve their right to argue that Plaintiffs' challenge to a final agency action is properly reviewed, if at all, on the basis of the administrative record produced by the Department of Commerce on June 8 and 21, 2018. *See* ECF Nos. 23 and 33, *California, et al. v. Ross, et al.*, No. 18-cv-1865 (RS).

| | |
|---|---|
| Dated:  August 8, 2018 | Respectfully Submitted, |
| | XAVIER BECERRA<br>Attorney General of California<br>MARK R. BECKINGTON<br>Supervising Deputy Attorney General<br>R. MATTHEW WISE<br>Deputy Attorney General |
| | */s/  Gabrielle D. Boutin*<br>GABRIELLE D. BOUTIN<br>Deputy Attorney General<br>*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra* |
| Dated:  August 8, 2018 | */s/ Charles L. Coleman* _____<br>CHARLES L. COLEMAN III, SBN 65496<br>DAVID I. HOLTZMAN<br>HOLLAND & KNIGHT LLP<br>50 California Street, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 743-6970<br>Fax: (415) 743-6910<br>Email: charles.coleman@hklaw.com<br>*Attorneys for Plaintiff County of Los Angeles* |
| Dated:  August 8, 2018 | MIKE FEUER<br>City Attorney for the City of Los Angeles<br><br>*/s/ Valerie Flores* _____<br>VALERIE FLORES, SBN 138572<br>Managing Senior Assistant City Attorney<br>200 North Main Street, 7th Floor, MS 140<br>Los Angeles, CA  90012<br>Telephone: (213) 978-8130<br>Fax: (213) 978-8222<br>Email: Valerie.Flores@lacity.org |
| Dated:  August 8, 2018 | HARVEY LEVINE<br>City Attorney for the City of Fremont<br><br>*/s/ Harvey Levine* _____<br>SBN 61880<br>3300 Capitol Ave.<br>Fremont, CA 94538<br>Telephone: (510) 284-4030<br>Fax: (510) 284-4031<br>Email: hlevine@fremont.gov |

| | | |
|---|---|---|
| 1 | Dated: August 8, 2018 | CHARLES PARKIN<br>City Attorney for the City of Long Beach |
| 2 | | |
| 3 | | */s/ Michael J. Mais* _____<br>MICHAEL K. MAIS, SBN 90444<br>Assistant City Attorney |
| 4 | | 333 W. Ocean Blvd., 11th Floor<br>Long Beach CA, 90802 |
| 5 | | Telephone: (562) 570-2200<br>Fax: (562) 436-1579 |
| 6 | | Email: Michael.Mais@longbeach.gov |
| 7 | | |
| 8 | Dated: August 8, 2018 | BARBARA J. PARKER<br>City Attorney for the City of Oakland |
| 9 | | */s/ Erin Bernstein* _____<br>MARIA BEE |
| 10 | | Special Counsel<br>ERIN BERNSTEIN, SBN 231539 |
| 11 | | Supervising Deputy City Attorney<br>MALIA MCPHERSON |
| 12 | | Attorney<br>City Hall, 6th Floor |
| 13 | | 1 Frank Ogawa Plaza<br>Oakland, California 94612 |
| 14 | | Telephone: (510) 238-3601<br>Fax: (510) 238-6500 |
| 15 | | Email: ebernstein@oaklandcityattorney.org |
| 16 | | |
| 17 | Dated: August 8, 2018 | JOHN LUEBBERKE<br>City Attorney for the City of Stockton |
| 18 | | */s/ John Luebberke* _____<br>SBN 164893 |
| 19 | | 425 N. El Dorado Street, 2nd Floor<br>Stockton, CA 95202 |
| 20 | | Telephone: (209) 937-8333<br>Fax: (209) 937-8898 |
| 21 | | Email: John.Luebberke@stocktonca.gov |

| | |
|---|---|
| Dated: August 8, 2018 | Respectfully submitted,<br><br>CHAD A. READLER<br>Acting Assistant Attorney General<br><br>BRETT A. SHUMATE<br>Deputy Assistant Attorney General<br><br>JOHN R. GRIFFITHS<br>Director, Federal Programs Branch<br><br>JOSHUA E. GARDNER<br>CARLOTTA P. WELLS<br>Assistant Directors, Federal Programs Branch<br><br>/s/   Stephen Ehrlich<br>KATE BAILEY<br>GARRETT COYLE<br>STEPHEN EHRLICH<br>CAROL FEDERIGHI<br>DANIEL HALAINEN<br>REBECCA KOPPLIN<br>MARTIN TOMLINSON<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Washington, DC  20530<br>Tel.: (202) 305-9803<br>Email: stephen.ehrlich@usdoj.gov<br><br>*Counsel for Defendants* |

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: August 8, 2018                    /s/  Gabrielle D. Boutin
                                         GABRIELLE D. BOUTIN

# Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
STATE OF NEW YORK, et al.,                                           :
                                                                     :
                        Plaintiff,                                   :
                                                                     :           18-CV-2921 (JMF)
        -v-                                                          :
                                                                     :
UNITED STATES DEPARTMENT OF COMMERCE, et al.,                        :
                                                                     :
                        Defendants.                                  :
                                                                     :
-------------------------------------------------------------------- :
                                                                     :
NEW YORK IMMIGRATION COALITION, et al.,                              :
                                                                     :
                        Plaintiff,                                   :
                                                                     :           18-CV-5025 (JMF)
        -v-                                                          :
                                                                     :
UNITED STATES DEPARTMENT OF COMMERCE, et al.,                        :           ORDER
                                                                     :
                        Defendants.                                  :
                                                                     :
-------------------------------------------------------------------- X
```

JESSE M. FURMAN, United States District Judge:

      For the reasons stated on the record at the conference held on July 3, 2018, Plaintiffs' request for an order directing Defendants to complete the administrative record and authorizing extra-record discovery is GRANTED. As discussed, the following deadlines shall apply unless and until the Court says otherwise:

- By July 23, 2018, Defendants shall produce the complete record, a privilege log, and initial disclosures.

- By September 7, 2018, Plaintiffs shall disclose their export reports.

- By September 21, 2018, Defendants shall disclose their expert reports, if any.

- By October 1, 2018, Plaintiffs shall disclose their rebuttal expert reports, if any.

- Fact and expert discovery will close on October 12, 2018.

The deadlines for initial production of documents, interrogatories, and deposition of fact witnesses may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by October 12, 2018. The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery, however. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

The parties shall conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Any letter-motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

Finally, the parties shall appear for a status conference on **September 14, 2018**, at **2:00 p.m.**, in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. Absent leave of Court, by **Thursday of the week prior to that conference (or any other conference)**, the parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

2

(6) A statement of the anticipated length of trial;

(7) A statement of whether the parties anticipate filing motions for summary judgment; and

(8) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to resolution.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

Dated: July 5, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3

# Exhibit B

August 3, 2018

Honorable Jesse M. Furman
Thurgood Marshall Courthouse
U.S. District Court, Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

    Re:    Request for Conference to Resolve Discovery Dispute
             *State of New York et al. v. U.S. Department of Commerce et al.*, No. 18-cv-2921
             *NYIC et al. v. U.S. Dep't of Commerce et al.*, No. 18-cv-5025

Dear Judge Furman,

       Pursuant to the Court's directive on July 3, 2018, the plaintiffs in the above-referenced matters (the "New York cases") write to set forth proposed procedures to coordinate discovery in the multiple cases currently challenging Defendants' decision to add a citizenship question to the 2020 Decennial Census (the "Census Cases"). Plaintiffs in the above-referenced matters have conferred with Defendants and with counsel for the plaintiffs in the four matters currently pending in the District of Maryland and Northern District of California.[1] Except as detailed below, all parties have reviewed the procedures set forth below and concur in these recommendations.

1. *Steering Committee.* Plaintiffs in all Census Cases have formed a steering committee comprised of representatives from each Census Case. This steering committee will work together to minimize redundant discovery and reduce the burden placed on Defendants. To the extent possible, plaintiffs in all Census Cases agree to coordinate discovery requests going forward to avoid duplicative inquiries and reduce the number of requests made to Defendants. However, all plaintiffs reserve the right to conduct discovery as permitted in their respective actions and under the Federal Rules of Civil Procedure.

    *Participation of California and Maryland Counsel.* Defendants agree that counsel in all Census Cases may fully participate in taking depositions unless the judges handling those actions enter an order (1) denying the respective Plaintiffs' requests for discovery; (2) granting Defendants' Motion to Dismiss in its entirety without leave to amend; or (3) placing limitations on discovery applicable to the particular depositions. Plaintiffs in the Maryland and California cases shall cross-notice any deposition in which they intend to participate. In addition, Defendants agree to serve

---

[1] *See Kravitz v. U.S. Dep't of Commerce*, No. 18-cv-1041 (D. Md.) (Judge Hazel); *La Unión del Pueblo Entero v. Ross*, No. 18-cv-1570 (D. Md.) (Judge Hazel); *California v. Ross*, No. 18-cv-1865 (N.D. Cal.) (Judge Seeborg); *City of San Jose v. Ross*, No. 18-cv-2279 (N.D. Cal.) (Judge Seeborg).

>on Plaintiffs in all cases discovery responses served and produced in the New York cases, subject to the caveats noted above.  This stipulation does not waive Defendants' right to argue that (1) discovery should not be permitted in the Maryland or California Census Cases; (2) the scope of discovery in those matters should be narrower than that permitted in the New York cases; or (3) the scope of discovery should be no broader than that permitted in the New York cases.  Likewise, counsel in the Maryland[2] and California Census Cases reserve the right to seek additional discovery in their home jurisdictions beyond that which this Court has permitted in the New York cases, or which the New York plaintiffs may seek, as permitted in their respective actions and under the Federal Rules of Civil Procedure.
>
>Defendants reserve the right to make appropriate objections as contemplated by the Federal Rules.

2. *Consolidated Discovery Responses and Production.*  Defendants agree that discovery responses in one case may be used in all Census Cases.  In order to avoid duplicative service, Defendants will produce all documents produced pursuant to discovery responses only to the New York State Plaintiffs, who will then make those responses available to all Census Cases through a secure document repository.  In addition, to the extent that other documents are produced in the California and Maryland Cases, Defendants agree that those documents can be shared with Plaintiffs in all cases through the same document management system.

3. *Coordinated Depositions.*  Defendants and all plaintiffs agree that deposition testimony obtained in any one Census Case may be used in any other Census Case.

   **Plaintiffs' position:** All plaintiffs in the Census Cases will strive to depose each witness only once; however, the California and Maryland plaintiffs reserve all rights to seek additional examination time or a separate deposition for any witness, as well as depositions of additional witnesses, in their respective actions. Counsel for plaintiffs in *La Unión del Pueblo Entero v. Ross*, No. 18-cv-1570 (D. Md.) (Judge Hazel) (referred to herein as "LUPE") have raised additional claims unique to their case (*see* footnote 2, *supra*); as such, regardless of the time allotted, LUPE counsel intend to seek leave to directly depose witnesses.

   Pursuant to the Court's Order dated July 19, 2018, if the steering committee has a reasonable belief that a particular deposition will call for more than seven hours of testimony, counsel for plaintiffs in the Census Cases shall confer with Defendants.

---

[2] *La Unión del Pueblo Entero v. Ross*, No. 18-cv-1570 (D. Md.) (Judge Hazel) alleges a claim that is unique to that case under 42 U.S.C. § 1985(3), in addition to the claims in common with the other five cases, and the intentional discrimination claim in common with *New York Immigration Coalition, et al. v. United States Department of Commerce,*et al., 18-cv-5025 (JMF).

To the extent that counsel cannot come to an agreement regarding the length of the deposition, either counsel for the New York cases will raise this matter with this Court, which will make a specific determination as to the length of that deposition, or the California and Maryland plaintiffs will raise the issue with their respective home judges.

**Defendants' position:** Defendants will oppose requests for depositions unique to the LUPE case. Defendants' position is that no witness should be deposed more than once, nor should the time allowed for the deposition of each witness exceed the seven hours permitted by the Federal Rules of Civil Procedure. Defendants propose that any Plaintiff who seeks additional time must seek authorization: (1) from this Court, with respect to the depositions noticed in the New York cases or (2) from the respective Court for the Maryland or California cases, with respect to any additional depositions noticed by Plaintiffs in those cases, should the Courts in those cases authorize discovery.

4. *Procedures for Raising Discovery Disputes.* Counsel for Defendants and all plaintiffs in the Census Cases propose that discovery disputes arising *during* any deposition noticed or cross-noticed by a New York plaintiff may be raised with this Court by any plaintiffs in the Maryland or California cases (in addition to the New York plaintiffs). The parties propose that this Court allow counsel for the plaintiffs in the Maryland and California cases to file notices of appearance in the New York matters for this limited purpose, as needed.

   Discovery issues arising outside of depositions, including but not limited to attempts to depose in the California or Maryland cases witnesses who have already been deposed in the New York cases, shall be raised only in a case in which at least one of the parties to the dispute is a Plaintiff therein.

   **Plaintiffs' position**: Plaintiffs contend that rulings issued in this Court do not waive the rights of litigants that are not parties to this dispute. Accordingly, Plaintiffs take the position that they do not waive their rights to seek relief on discovery issues, where appropriate, in their home jurisdiction.

   **Defendants' position**: Defendants contend that should this Court issue a ruling on a discovery dispute adverse to Plaintiffs, that this same dispute should not be raised in a different jurisdiction.

                Respectfully submitted,

                /s/Elena S. Goldstein
                Elena S. Goldstein, Senior Trial Counsel
                Civil Rights Bureau
                Office of the New York State

Attorney General
28 Liberty, 20th Floor
New York, New York 10005
Tel. (212) 416-6201
Elena.Goldstein@ag.ny.gov
*Counsel for the Government Plaintiffs*


ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION


By: /s/ John A. Freedman

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon[+][**] | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

+ admitted pro hac vice
** Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

*Attorneys for NYIC Plaintiffs*

# CERTIFICATE OF SERVICE

Case Name: **State of California, et al. v. Wilbur L. Ross, et al.**   No. **3:18-cv-01865**

I hereby certify that on <u>August 9, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT REPORT ON COORDINATION OF DISCOVERY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 9, 2018</u>, at Sacramento, California.

| Tracie L. Campbell | */s/ Tracie Campbell* |
|---|---|
| Declarant | Signature |

SA2018100904
13208651.docx