CHAD A. READLER
Acting Assistant Attorney General
BRETT A. SHUMATE
Deputy Assistant Attorney General
JOHN R. GRIFFITHS
Director, Federal Programs Branch
JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Directors, Federal Programs Branch
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>    Defendants. | Civil Action No. 3:18-cv-01865-RS<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, the United States Department of Commerce, Ron S. Jarmin, in his capacity as performing the non-exclusive functions and duties of the Director of the United States Census Bureau, and the United States

Census Bureau (collectively, "Defendants') answers and responses to each numbered paragraph of Plaintiffs' First Amended Complaint (ECF No. 12) as follows:

1. The allegations in paragraph 1 consist of Plaintiffs' characterizations of the U.S. Constitution and case law and Plaintiffs' legal conclusions, to which no response is required.

2. Defendants admit the first and second sentences of paragraph 2. Defendants deny the third sentence of this paragraph, except to admit that the decennial census short-form questionnaire last asked a citizenship question in 1950. Defendants admit the fourth sentence of this paragraph in so far as, in the March 2017 report to Congress, none of the proposed topics for the 2020 Census related to citizenship or immigration status, but Plaintiffs' allegation that the March 2017 report was "[c]onsistent with modern practice" is Plaintiffs' characterization of a Census action to which no response is required; to the extent a response is required, deny.

3. Defendants admit that the United States Department of Justice ("DOJ") sent the referenced letter to the U.S. Census Bureau requesting that a citizenship question be included on the 2020 decennial census questionnaire. The remaining allegations of paragraph 3 consist of Plaintiffs' characterization of this letter, which speaks for itself and to which no response is required. The Court is respectfully referred to the cited letter, which can be found in the Administrative Record ("A.R.") at 663 (Dkt. No. 23), for a complete and accurate statement of its contents. Defendants deny any allegations of this paragraph not consistent with the letter.

4. Defendants admit Secretary Ross sent the referenced memorandum to Karen Dunn Kelley directing reinstatement of a citizenship question on the 2020 decennial census questionnaire. The remaining allegations of paragraph 4 consist of Plaintiffs' characterization of this memorandum, which speaks for itself and to which no response is required. The Court is respectfully referred to the cited memorandum, Exhibit 1 to the First Amended Complaint, for a complete and accurate statement of its contents. Defendants deny any allegations of this paragraph not consistent with the memorandum.

5. Defendants deny the first sentence of paragraph 5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, because Plaintiffs do not identify the "numerous studies" they reference, but, to the extent a response

is required, Defendants deny this sentence. The third sentence of this paragraph consists of Plaintiffs' characterization of the cited legal brief, which speaks for itself and to which no response is required. The Court is respectfully referred to the cited brief for a complete and accurate statement of its contents, and Defendants deny any allegations of this sentence inconsistent with the brief.

6.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of paragraph 6 but, to the extent a response is required, Defendants deny these sentences. The second and third sentences of this paragraph consist of Plaintiffs' characterization of the cited survey and study, which speak for themselves and to which no response is required. The Court is respectfully referred to the cited survey and study for a complete and accurate statement of their contents, and Defendants deny any allegations of this paragraph inconsistent with the survey and study.

7.   Paragraph 7 consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

8.   Paragraph 8 consists of Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required but, to the extent a response is required, Defendants deny that this Court has jurisdiction.

9.   Paragraph 9 consists of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.

10.   The first sentence of paragraph 10 consists of Plaintiffs' legal conclusions regarding venue, to which no response is required. The second sentence of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

11.   Paragraph 11 consists of Plaintiffs' legal conclusions regarding intradistrict assignment under the local rules, to which no response is required, but, to the extent a response is required, admit.

12.   Paragraph 12 consists of Plaintiffs' characterization of the cited statutes and legal conclusions regarding the authority of the State of California and the Attorney General, to which no response is required. In addition, the first and third sentences of this paragraph include Plaintiffs' characterization of this lawsuit, to which a response also is not required.

13. Defendants deny the first sentence of paragraph 13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

14.-19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14-19, which appear to present legal conclusions but for which Plaintiffs provide no authority.

20. Defendants admit that Defendant Wilbur L. Ross, Jr., is the United States Secretary of Commerce and the head of the United States Department of Commerce, which includes the United States Census Bureau. The remaining allegations of this paragraph consist of Plaintiffs' characterization of Secretary Ross's legal authority and of this lawsuit, to which no response is required.

21. Admit.

22. Admit, except as to Plaintiffs' characterization of the capacity in which Dr. Jarmin is sued, which is a legal issue to which no response is required.

23. Admit.

24. The allegations in paragraph 24 consist of Plaintiffs' characterizations of the U.S. Constitution and legal conclusions, to which no response is required.

25. The allegations in paragraph 25 consist of Plaintiffs' characterizations of the cited statutory provision and case decision and Plaintiffs' legal conclusions, to which no response is required.

26. The allegations in paragraph 26 consist of Plaintiffs' characterizations of the cited statutory provisions and legal conclusions, to which no response is required.

27. Defendants deny the allegations of the first sentence. The allegations in paragraph 27 consist of Plaintiffs' characterizations of the cited statutory provision and legal conclusions, to which no response is required.

28. Defendants admit the first sentence of paragraph 28. The allegations in the second sentence consist of Plaintiffs' legal conclusions, to which no response is required.

29. The allegations in paragraph 29 consist of Plaintiffs' legal conclusions and characterization of the cited material, to which no response is required. To the extent a response is

required, Defendants admit that the cited material contains the quoted language and is the best evidence of its own contents.

30.  Admit.

31.  Admit to the first, second, third, and fourth sentences of this paragraph. Admit to the fifth sentence in so far as the ACS contains more detailed personal and demographic information; otherwise deny.

32.  Deny, except to admit that the decennial census short-form questionnaire last asked a citizenship question in 1950 and that the question currently appears on the ACS.

33.  Admit.

34.  Defendants admit that the date of the DOJ letter is December 12, 2017, but the remaining allegations of paragraph 34 consist of Plaintiffs' characterization of the cited DOJ letter, which speaks for itself and to which no response is required. The Court is respectfully referred to the cited letter for a complete and accurate statement of its contents. Defendants deny any allegations in this paragraph that are not consistent with the letter.

35.  Defendants deny the first sentence except to admit that on March 26, 2018, Secretary Ross directed the Census Bureau to reinstate a citizenship question on the 2020 decennial census questionnaire and that on March 29, 2018, Defendants transmitted to Congress the questions that will be asked on the 2020 decennial census. Defendants admit the second sentence of this paragraph.

36.  Paragraph 36 consists of Plaintiffs' characterization of Secretary Ross's March 26, 2018, decision memorandum, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the decision memo for a full and accurate statement of its contents (Exhibit 1 to the First Amended Complaint) and deny any allegations in this paragraph inconsistent with that memo.

37.  Defendants deny the first, third, and fifth sentences of paragraph 37. The second, fourth, and sixth sentences consist of Plaintiffs' characterization of the cited presentation, study, and judicial opinion, to which no response is required. Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents and deny any allegations in this paragraph inconsistent with those sources.

     38.    Defendants deny the first sentence of paragraph 38, except to admit that they conducted data collection for the 2018 End-to-End Census Test earlier this year. The second sentence consists of Plaintiffs' characterization of the 2018 Census Test; to which no response is required; to the extent a response is required, deny. Defendants admit the third and fifth (quoting from the Census Bureau's website) as well as the fourth and sixth sentences. Defendants deny the seventh sentence.

     39.    Deny.

     40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, but, to the extent a response is required, deny.

     41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, but, to the extent a response is required, deny.

     42.    Defendants admit the first and third sentences of paragraph 42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the bulleted list in this paragraph.

     43.    Defendants deny the first sentence of paragraph 43. Defendants admit the allegations in the second sentence to the extent they reflect the 2012-2016 ACS results; otherwise deny. The third sentence consists of Plaintiffs' characterization of the cited report, which speaks for itself and to which no response is required. The court is respectfully referred to that report for a complete and accurate statement of its contents. The last three sentences consist of Plaintiffs' characterizations of the effect the decennial Census will have on the City of Oakland and its residents to which no response is required, but to the extent an answer is deemed necessary, the allegations are denied.

     44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 44, because Plaintiffs do not define "highly diverse" or "among highest." Defendants admit the correctness of the figures used by the allegations in the second, third, and fourth sentences to the extent they reflect the 2012-2016 ACS results; otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence, because Plaintiffs do not define "the average American

city." Defendants deny Plaintiffs' characterization of the language diversity as "dramatic" in the third sentence. The last sentence consists of Plaintiffs' characterization of the effect the decennial Census will have on the City of Fremont and its residents to which no response is required, but to the extent an answer is deemed necessary, the allegations are denied.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 45, because Plaintiffs do not cite a source or define "among the most diverse," nor do Plaintiffs cite a source for "over 320,000 residents" or "the 13th largest city in California." Defendants admit the allegations in the second and third sentences to the extent they reflect the 2012-2016 ACS results; otherwise deny. The last three sentences consist of Plaintiffs' characterizations of the effect the decennial Census will have on the City of Stockton and its residents to which no response is required, but to the extent an answer is deemed necessary, the allegations are denied.

46. Defendants admit the allegations in the first and third sentences of paragraph 46 to the extent they reflect the 2012-2016 ACS results, and otherwise deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence because Plaintiffs do not define "one of the country's most diverse." The second-to-last sentence consists of Plaintiffs' characterization of this lawsuit, to which no response is required. The last sentence consists of Plaintiffs' characterization of the effect the decennial Census will have on the County of Los Angeles and its residents to which no response is required, but to the extent an answer is deemed necessary, the allegations are denied.

47. Defendants incorporate by reference their answers to paragraphs 1-46 of the First Amended Complaint.

48. The allegations in paragraph 48 consist of Plaintiffs' characterizations of the U.S. Constitution and legal conclusions, to which no response is required.

49. The first and third sentences of paragraph 49 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants deny these allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations in the second sentence of this paragraph but, to the extent a response is required, deny.

50. The allegations in paragraph 50 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 but, to the extent a response is required. To the extent a more specific response is required, deny.

51. The allegations in paragraph 51 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 but, to the extent a response is required. To the extent a more specific response is required, deny.

52. The allegations in paragraph 52 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, deny.

53. Defendants incorporate by reference their answers to paragraphs 1-52 of the First Amended Complaint.

54. The allegations in paragraph 54 consist of Plaintiffs' characterizations of the cited statute and legal conclusions, to which no response is required.

55. The allegations of paragraph 55 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response, is required, Defendants deny these allegations.

56. The allegations in paragraph 56 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants deny these allegations.

57. The allegations in paragraph 57 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 but, to the extent a response is required. To the extent a more specific response is required, deny.

58. The allegations in paragraph 58 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 but, to the extent a response is required. To the extent a more specific response is required, deny.

59. The allegations in paragraph 59 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, deny.

The remaining paragraphs of the First Amended Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the First Amended Complaint and further aver that Plaintiffs are not entitled to any relief.

Defendants hereby deny all allegations in the First Amended Complaint not expressly admitted or denied.

WHEREFORE, having fully answered the First Amended Complaint, Defendants assert that Plaintiffs are not entitled to the relief requested and respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Date: August 31, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Directors, Federal Programs Branch

  /s/ Carol Federighi
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Attorneys for Defendants*