CHAD A. READLER
Acting Assistant Attorney General
BRETT A. SHUMATE
Deputy Assistant Attorney General
JOHN R. GRIFFITHS
Director, Federal Programs Branch
JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Directors, Federal Programs Branch
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>Defendants. | Civil Action No. 3:18-cv-01865-RS<br><br>**JOINT MOTION FOR ENTRY OF FED. R. EVID. 502(d) ORDER**<br><br>Dept:   3<br>Judge:  The Honorable Richard G. Seeborg<br>Trial Date:    January 7, 2019<br>Action Filed:   March 26, 2018 |

The parties respectfully move the Court, pursuant to Federal Rule of Evidence 502(d), to enter the attached order governing the inadvertent production of documents that may be privileged or protected. In support of this motion, the parties state as follows:

1. Plaintiffs have served discovery requests that seek documents or other information that may be privileged or protected from disclosure. In addition, the parties have previously agreed to participate in the discovery already underway in *State of New York v. U.S. Department of Commerce*, 1:18-cv-02921, and *New York Immigration Coalition v. U.S. Department of Commerce*, 1:18-cv-05025, matters before Judge Furman of the Southern District of New York that involve nearly identical claims to those at issue in this matter, including receiving documents and discovery responses served in those cases.

2. To guard against the risk of inadvertent waiver of any applicable privileges or protections, the parties have conferred and agreed on a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d).

3. Accordingly, the parties respectfully request that the Court enter the attached proposed order.

Dated: September 7, 2018                                          Respectfully submitted,

| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California | CHAD A. READLER<br>Acting Assistant Attorney General |

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
GABRIELLE D. BOUTIN
Deputy Attorney General

/s/ R. Matthew Wise
R. MATTHEW WISE
Deputy Attorney General

*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra*

/s/ Margaret L. Carter
MARGARET L. CARTER, SBN 220637
DANIEL R. SUVOR
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-8000
Fax: (213) 430-6407
Email: dsuvor@omm.com

*Attorneys for Plaintiff County of Los Angeles*

MIKE FEUER
City Attorney for the City of Los Angeles

/s/ Valerie Flores
VALERIE FLORES, SBN 138572
Managing Senior Assistant City Attorney
200 North Main Street, 7th Floor, MS 140
Los Angeles, CA 90012
Telephone: (213) 978-8130
Fax: (213) 978-8222
Email: Valerie.Flores@lacity.org

HARVEY LEVINE
City Attorney for the City of Fremont

/s/ Harvey Levine
SBN 61880
3300 Capitol Ave.
Fremont, CA 94538
Telephone: (510) 284-4030
Fax: (510) 284-4031
Email: hlevine@fremont.gov

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
JOSHUA E. GARDNER
Assistant Branch Directors

/s/ Carol Federighi
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Attorneys for Defendants*

CHARLES PARKIN
City Attorney for the City of Long Beach

*/s/ Michael J. Mais*
MICHAEL K. MAIS, SBN 90444
Assistant City Attorney
333 W. Ocean Blvd., 11th Floor
Long Beach CA, 90802
Telephone: (562) 570-2200
Fax: (562) 436-1579
Email: Michael.Mais@longbeach.gov


BARBARA J. PARKER
City Attorney for the City of Oakland

*/s/ Erin Bernstein*
MARIA BEE
Special Counsel
ERIN BERNSTEIN, SBN 231539
Supervising Deputy City Attorney
MALIA MCPHERSON
Attorney
City Hall, 6th Floor
1 Frank Ogawa Plaza
Oakland, California 94612
Telephone: (510) 238-3601
Fax: (510) 238-6500
Email: ebernstein@oaklandcityattorney.org


JOHN LUEBBERKE
City Attorney for the City of Stockton

*/s/ John Luebberke*
SBN 164893
425 N. El Dorado Street, 2nd Floor
Stockton, CA 95202
Telephone: (209) 937-8333
Fax: (209) 937-8898
Email: John.Luebberke@stocktonca.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.,*<br><br>Defendants. | Civil Action No. 3:18-cv-01865-RS<br><br>**[PROPOSED] FED. R. EVID. 502(d) ORDER**<br><br>Dept:   3<br>Judge:  The Honorable Richard G. Seeborg<br>Trial Date:   January 7, 2019<br>Action Filed:   March 26, 2018 |

Upon consideration of the parties' joint motion pursuant to Federal Rule of Evidence 502(d) for entry of an order governing the inadvertent production of documents that may be privileged or protected, it is hereby **ORDERED** as follows:

I.       NO WAIVER BY DISCLOSURE

1.       The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

2.       This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

II.      DEFINITIONS

1.       "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2.       "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

3. "Party," as used herein, shall be construed to encompass both parties and nonparties that produce documents pursuant to a subpoena issued under Fed. R. Civ. P. 45, including the U.S. Department of Justice.

### III. PROCEDURES

The procedures applicable to a claim of privilege with respect to a document produced after August 28, 2018 and the resolution thereof shall be as follows:

1. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

4. If the producing party promptly sends the receiving party a privilege notice, the receiving party shall follow the procedures set forth in Rule 26(b)(5)(B).

**SO ORDERED.**

Dated: _____         _____
                                              HON. RICHARD SEEBORG
                                              United States District Judge