JOSEPH H. HUNT
Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
MARSHA STELSON EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Tel.: (202) 514-4520
Email: marsha.edney@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>    Defendants.<br>_____<br>City of San Jose, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>    Defendants. | Civil Action No. 3:18-cv-01865-RS and<br>Civil Action No. 3:18-cv-02279-RS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: January 2, 2019<br>Time: 10:00 am<br>Judge: Hon. Richard Seeborg |

DEFENDANTS' MOT. IN LIMINE – No. 3:18-cv-01865-RS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, January 2, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard, before The Honorable Richard Seeborg, in Courtroom 3, 17th Floor, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, the defendants Wilbur L. Ross, Jr., Secretary of Commerce; U.S. Department of Commerce; Ron Jarmin, performing the nonexclusive functions and duties of Director, U.S. Census Bureau; and U.S. Census Bureau will move, and hereby do move, to exclude certain evidence and witness at trial for the reasons set forth in the following Memorandum of Points and Authorities.

Date: December 21, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director

　/s/ Marsha Stelson Edney　
MARSHA STELSON EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-4520
Email: marsha.edney@usdoj.gov

*Attorneys for Defendants*

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND WITNESSES

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (emphasis added, internal citation omitted); *Bd. of Cal. Winery Workers' Pension Tr. Fund v. Vineyards*, No. 1:17-cv-00364-SAB, 2018 WL 4242068, at *2 (E.D. Cal. Sept. 6, 2018) (same); *see generally* Fed. R. Evid. 104. *In limine* motions serve the goal of "streamlin[ing] trials and settl[ing] evidentiary disputes in advance." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Here, Defendants respectfully request the following pretrial rulings: (1) the exclusion of five new fact witnesses improperly disclosed less than a month before trial and well after the close of discovery under Federal Rule of Civil Procedure ("FRCP") 37(c)(1); (2) the admission of the Administrative Record into evidence; and (3) the exclusion of all testimony and exhibits beyond the Administrative Record relating to the merits of this litigation as irrelevant under Federal Rule of Evidence ("FRE") 402.

## I.  The Court Should Exclude the Newly Disclosed Fact Witnesses under FRCP 37(a) as Untimely, Unjustified and Prejudicial

On December 12, 2018, the same day that the parties exchanged witness lists pursuant to ECF No. 99, Plaintiffs served Defendants with supplemental initial disclosures under FRCP 26(a) and (e), disclosing between them a total of five never previously disclosed fact witnesses. *See* Ex. A (attaching Plaintiffs' supplemental disclosures). These supplemental disclosures, sent well after discovery closed on October 11, 2018 (ECF No. 79) and less than a month before trial, were served without any advance notice to Defendants despite the fact that the parties had participated in a conference call earlier that day, during which the parties' witness lists were discussed along with

other matters related to the joint pretrial statement. Because the disclosure of these new fact witnesses is untimely, not substantially justified, and prejudicial to Defendants, FRCP 37 requires that all five witnesses should be automatically excluded from the trial.

"[O]ne of the principal goals of the discovery rules [is] preventing trial by ambush and surprise." *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084 FMO (AJW), 2017 WL 2906015, at *1 (C.D. Cal. May 9, 2017) (quoting *Brandon v. Mare-Bear, Inc.,* 225 F.3d 661(9th Cir. 2000); *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("The Federal Rules of Civil Procedure 'contemplate ... full and equal discovery' ... so as to prevent surprise, prejudice and perjury' during trial.") (citation omitted). Under FRCP 26(a)(1)(A)(i), a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" FRCP 37(c)(1) says that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence… at a trial, unless the failure was substantially justified or is harmless." This exclusionary sanction is "'self-executing'" and "'automatic.'" *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Rule 37 "gives teeth" to Rule 26's disclosure requirements and thus gives parties "a strong inducement for disclosure." *Id.* "[T]he burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd.*, 259 F.3d at 1107.

Plaintiffs cannot show that their failure to timely disclose these five witnesses was substantially justified or harmless. Plaintiffs have not provided any justification (or even an acknowledgment) for their last-minute disclosure of these fact witnesses. There is no discernable reason for Plaintiffs to have failed to identify these individuals during discovery. In fact, all five

2

witnesses are employed by Plaintiffs (or subdivisions of Plaintiffs) and have held their current positions since the filing of this lawsuit. Moreover, the dilatory disclosure of these witnesses is clearly prejudicial to Defendants. As of the filing of this motion, the trial is scheduled to start in under three weeks, and Defendants have not had the opportunity to depose any of these witnesses. The discovery deadline has long passed, and there are a substantial number of pre-trial deadlines with which Defendants must comply before the pre-trial conference on January 2, 2019. Even if this Court were to permit the government to take the depositions of these recently identified witnesses, Defendants would still be harmed as they simply do not have the time or manpower to conduct the depositions of five new witnesses so close to trial. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (noting that "[d]isruption to the schedule of the court and other parties in that manner is not harmless"). Given Plaintiffs' dilatory disclosure of these witnesses, they should automatically be excluded pursuant to FRCP 37(c)(1).

**II. The Court Should Admit Into Evidence the Administrative Record**

Plaintiffs have challenged the Secretary of Commerce's decision to reinstate a citizenship question on the 2020 Decennial Census under the Administrative Procedure Act ("APA"). Review of the Plaintiffs' APA claim is properly confined to the record before the Secretary. *See Herguan Univ. v. ICE*, 258 F. Supp. 3d 1050, 1063 (N.D. Cal. 2017) (The Court's review "is based on the agency record and limited to determining whether the agency acted arbitrarily or capriciously.") (quoting *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009)); *see also, e.g. Camp v. Pitts*, 411 U.S. 138, 142 (1973) (*per curiam*). Therefore, Defendants maintain that trial on the merits of this case is inappropriate. Nevertheless, to the extent the Court proceeds to conduct a trial, judicial review should be confined to the administrative record. Notably, the administrative record appears on both

parties' exhibit lists, and there can be no dispute that the administrative record is central to the Court's resolution of Plaintiffs' claims.

Accordingly, Defendants respectfully seek the admission into evidence of the administrative record.

### III. The Court Should Exclude All Exhibits and Testimony Concerning the Merits of the Secretary's Decision under Rule 402 as Irrelevant

Because the administrative record serves as the exclusive source for judicial review of a challenge to final agency action, it necessarily follows that evidence beyond the administrative record is irrelevant for purposes of resolving Plaintiffs' claims. As discussed below, Plaintiffs improperly seek to introduce numerous exhibits, multiple expert witnesses, and deposition designations from a number of government employees in an attempt to support their claims on the merits. Because this evidence is irrelevant for review of a final agency decision under the APA, Defendants respectfully request that the Court exclude it from trial.

Under the Federal Rules, evidence must be relevant to be admissible. FRE 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FRE 401. "The particular facts of the case determine the relevancy of a piece of evidence." *United States v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001) *amending opinion on denial of rehearing*, 246 F.3d 1150 (9th Cir. 2001).

Here, there can be little doubt that the extra-record evidence Plaintiffs seek to introduce at trial to challenge the Secretary's decision is irrelevant in this APA case. In an APA case, "'[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (quoting *Camp*, 411 U.S. 138, 142 (1973)). In deciding an arbitrary-and-capricious claim, the question for the Court is whether the agency's decision "was the product of reasoned

4

decisionmaking." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 52 (1983). "The only question before [the Court] is whether the [agency], in reaching its ultimate finding, 'considered the relevant factors and articulated a rational connection between the facts found and the choices made.'" *Nw. Ecosys. All. v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1145 (9th Cir. 2007) (quoting *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 841 (9th Cir. 2003)). And "[t]hat requirement is satisfied when the agency's explanation is clear enough that its 'path may reasonably be discerned.'" *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) (quoting *Bowman Transp., Inc. v. Ark-Best Freight Sys, Inc.*, 419 U.S. 281, 286 (1974)); *see also Herguan Univ.*, 258 F. Supp. 3d at 1063 ("[W]hen a party seeks review of agency action under the APA … , the district judge sits as an appellate tribunal.") (quoting *Rempfer* 583 F.3d at 865). Thus, this Court's review "is based on the agency record and limited to determining whether the agency acted arbitrarily or capriciously." *Id.* (quoting *Rempfer*, 583 F.3d at 865); *see also, e.g. Camp*, 411 U.S. at 142 (1973) (*per curiam*). Likewise, judicial review of Plaintiffs' Enumeration Clause claim, which fundamentally duplicates their APA claim, is also limited to the administrative record. *See, e.g.*, *Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993) (adding constitutional claims to APA claims "cannot so transform the case that it ceases to be primarily a case involving judicial review of agency action").

      Plaintiffs have identified numerous exhibits they may seek to admit at trial that are not taken from the Administrative Record, and that appear to be in support of the merits of their claim under the APA challenging the Secretary's decision to reinstate a citizenship question on the decennial census. For the reasons explained above, the use of these exhibits, which were not before the Secretary when he made his decision, for this purpose is wholly improper in an APA case. *Herguan Univ*, 258 F. Supp. 3d at 1063 (court review limited to whether the agency decision is supported by

5

the record). Thus, any evidence outside of the administrative record should be excluded under FRE 402 in connection with the Court's review of Plaintiffs' claims on the merits.

Likewise, Plaintiffs have identified seven expert witnesses whose testimony they expect to present at trial either live or by declaration. To the extent Plaintiffs seek to introduce this expert testimony for the purpose of second-guessing the Secretary's decision, that testimony should be excluded as improper because it was not before the Secretary and thus, is irrelevant to his decision. *See, e.g.*, *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014) (concluding that the district court abused its discretion "when it used several extra-record declarations to question [the agency's] scientific judgments" and "opening the administrative record as a forum for the experts to debate the merits of the [agency action]"); *Love v. Thomas*, 858 F.2d 1347, 1356 (9th Cir. 1988); **Asarco, Inc. v. EPA**, 616 F.2d 1153, 1160-61 (9th Cir. 1980). For the same reason, any expert testimony on the merits should be excluded as unhelpful to the trier of fact under FRE 702. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999).

Because Plaintiffs' APA claims present only legal questions, there are no "facts of consequence" in this action and the proposed exhibits, expert testimony, and deposition designations they intend to offer into evidence in support of their APA claims are irrelevant under FRE 402 as a matter of law. Accordingly, the Court should grant Defendants' motion *in limine*. *See Bromberg v. United States*, 389 F.2d 618, 618 (9th Cir. 1968) (affirming exclusion of irrelevant exhibits).[1]

---

[1] That this Court authorized extra-record discovery on a preliminary finding of bad faith does not mean that extra-record evidence may be considered by the Court for APA merits review. As the Supreme Court repeatedly has explained, where there is a "contemporaneous explanation" for an agency's decision, its validity "must . . . stand or fall on the propriety of that finding." *Camp*, 411 U.S. at 143. Thus materials that were not before the agency decisionmaker at the time of the decision, such as expert testimony, *see e.g.*, *Vt.*

6

DEFENDANTS' MOT. IN LIMINE – No. 3:18-cv-01865-RS

# CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion *in limine* and (1) exclude all five new fact witnesses disclosed on December 12, 2018; (2) admit the Administrative Record into evidence; and (3) exclude all testimony and exhibits beyond the Administrative Record relating to the merits of this litigation.

Date:  December 21, 2018                                   Respectfully submitted,


                                                           JOSEPH H. HUNT
                                                           Assistant Attorney General

                                                           BRETT A. SHUMATE
                                                           Deputy Assistant Attorney General

                                                           JOHN R. GRIFFITHS
                                                           Director, Federal Programs Branch

                                                           CARLOTTA P. WELLS
                                                           Assistant Director

                                                            /s/ Marsha Stelson Edney
                                                           MARSHA STELSON EDNEY
                                                           Senior Trial Counsel
                                                           KATE BAILEY
                                                           CAROL FEDERIGHI
                                                           Trial Attorneys
                                                           United States Department of Justice
                                                           Civil Division, Federal Programs Branch
                                                           1100 L Street, NW
                                                           Washington, DC 20005
                                                           Tel.: (202) 514-4520
                                                           Email: marsha.edney@usdoj.gov

                                                           *Attorneys for Defendants*

---

*Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 549 (1978), or materials produced in discovery, *see, e.g.*, *Camp,* 411 U.S. at 142 (*per curiam*), are not part of the agency record and should not be considered. Because Plaintiffs have failed to uncover *actual* evidence of bad faith or pretext, despite months of exhaustive discovery and the production tens of thousands of documents, they are not entitled to rely on discovery materials first authorized by this Court's threshold finding of potential bad faith.

# EXHIBIT A

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
ANTHONY R. HAKL
Supervising Deputy Attorneys General
GABRIELLE D. BOUTIN, SBN 267308
ANNA T. FERRARI, SBN 261579
TODD GRABARSKY, SBN 286999
R. MATTHEW WISE, SBN 238485
NOREEN P. SKELLY, SBN 186135
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6053
 Fax: (916) 324-8835
 E-mail: Gabrielle.Boutin@doj.ca.gov
*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, by and through Attorney General Xavier Becerra,<br><br>Plaintiff,<br><br>v.<br><br>WILBUR L. ROSS, JR., in his official capacity as Secretary of the U.S. Department of Commerce; U.S. DEPARTMENT OF COMMERCE; RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau; U.S. CENSUS BUREAU; DOES 1-100,<br><br>Defendants. | 3:18-cv-01865<br><br>**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a) & (e)**<br><br>Dept: 3<br>Judge: The Honorable Richard G. Seeborg<br>Trial Date: January 7, 2019<br>Action Filed: March 26, 2018 |

Plaintiffs State of California, by and through Attorney General Xavier Becerra, County of Los Angeles, City of Los Angeles, City of Fremont, City of Long Beach, City of Oakland, and City of Stockton (collectively, Plaintiffs) make the following supplemental disclosures, subject to the same qualifications and objections asserted in their initial disclosures, and in accordance with Rules 26(a) & (e) of the Federal Rules of Civil Procedure:

## WITNESSES

Plaintiffs identify the following additional individual currently known to them as likely to have discoverable information that Plaintiffs may use to support their claims or defenses:

Amy Bodek, Director of the Department of Planning for the County of Los Angeles. Anticipated subjects of discoverable information include LA County's use of census data for program and planning efforts.

Andrew Westall, Assistant Chief Deputy, Office of Los Angeles City Council President Herb J. Wesson, Jr. Anticipated subjects of discoverable information include the City of Los Angeles' use of census data for redistricting.

Dated: December 12, 2018

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
ANTHONY R. HAKL
Supervising Deputy Attorneys General
ANNA T. FERRARI
TODD GRABARSKY
R. MATTHEW WISE
NOREEN P. SKELLY
Deputy Attorneys General

/s/ Gabrielle D. Boutin
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra*

| | | |
|---|---|---|
| 1 | Dated: December 12, 2018 | /s/ Charles L. Coleman |
| 2 | | CHARLES L. COLEMAN III, SBN 65496 |
| | | DAVID I. HOLTZMAN |
| 3 | | HOLLAND & KNIGHT LLP |
| | | 50 California Street, 28th Floor |
| 4 | | San Francisco, CA 94111 |
| | | Telephone: (415) 743-6970 |
| 5 | | Fax: (415) 743-6910 |
| | | Email: charles.coleman@hklaw.com |
| 6 | | *Attorneys for Plaintiff County of Los Angeles* |

Dated: December 12, 2018

MIKE FEUER
City Attorney for the City of Los Angeles

/s/ Valerie Flores
VALERIE FLORES, SBN 138572
Managing Senior Assistant City Attorney
200 North Main Street, 7th Floor, MS 140
Los Angeles, CA 90012
Telephone: (213) 978-8130
Fax: (213) 978-8222
Email: Valerie.Flores@lacity.org

Dated: December 12, 2018

HARVEY LEVINE
City Attorney for the City of Fremont

/s/ Harvey Levine
SBN 61880
3300 Capitol Ave.
Fremont, CA 94538
Telephone: (510) 284-4030
Fax: (510) 284-4031
Email: hlevine@fremont.gov

Dated: December 12, 2018

CHARLES PARKIN
City Attorney for the City of Long Beach

/s/ Michael J. Mais
MICHAEL K. MAIS, SBN 90444
Assistant City Attorney
333 W. Ocean Blvd., 11th Floor
Long Beach CA, 90802
Telephone: (562) 570-2200
Fax: (562) 436-1579
Email: Michael.Mais@longbeach.gov

| | | |
|---|---|---|
| 1 | Dated: December 12, 2018 | BARBARA J. PARKER |
| 2 | | City Attorney for the City of Oakland |
| 3 | | /s/ Erin Bernstein |
| | | MARIA BEE |
| 4 | | Chief Assistant City Attorney |
| | | ERIN BERNSTEIN, SBN 231539 |
| 5 | | Supervising Deputy City Attorney |
| | | MALIA MCPHERSON |
| 6 | | Deputy City Attorney |
| | | City Hall, 6th Floor |
| 7 | | 1 Frank Ogawa Plaza |
| | | Oakland, California 94612 |
| 8 | | Telephone: (510) 238-3601 |
| | | Fax: (510) 238-6500 |
| 9 | | Email: ebernstein@oaklandcityattorney.org |
| 10 | Dated: December 12, 2018 | JOHN LUEBBERKE |
| 11 | | City Attorney for the City of Stockton |
| 12 | | /s/ John Luebberke |
| | | SBN 164893 |
| 13 | | 425 N. El Dorado Street, 2nd Floor |
| | | Stockton, CA 95202 |
| 14 | | Telephone: (209) 937-8333 |
| | | Fax: (209) 937-8898 |
| 15 | | Email: John.Luebberke@stocktonca.gov |

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: December 12, 2018                    /s/ Gabrielle D. Boutin
                                            GABRIELLE D. BOUTIN

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **State of California, et al. v. Wilbur L. Ross, et al.**
No.: **3:18-cv-01865**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On <u>December 12, 2018</u>, I served the attached **PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a) & (e)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Sacramento, California, addressed as follows:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 12, 2018, at Sacramento, California.

| Eileen A. Ennis | *[signature]* |
|---|---|
| Declarant | Signature |

SA2018100904
13365137.docx

# SERVICE LIST

*State of California, et al v. Wilbur Ross, et al*
*Case No. 3:18-cv-02865*

| | |
|---|---|
| Kate Bailey<br>Carol Federighi<br>Stephen Ehrlich<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>Email: kate.bailey@usdoj.gov<br>Carol.federighi@usdoj.gov<br>Stephen.ehrlich@usdoj.gov | Attorneys for Defendants, Wilbur Ross, Jr., U.S. Department of Commerce, Ron Jarmin, U.S. Census Bureau |
| Elizabeth B. Wydra<br>Constitutional Accountability Center<br>1200 18th Street, NW, Suite 501<br>Washington, DC 20036<br>Email: elizabeth@theusconstitution.org | Attorney for Defendant, Frank Pallone, Jr. |
| Charles Lagrange Coleman, III<br>David Ilan Holtzman<br>Holland & Knight, LLP<br>50 California Street, Suite 2800<br>San Francisco, CA 94111<br>Email: ccoleman@hklaw.com<br>David.holtzman@hklaw.com | Attorneys for Plaintiff, County of Los Angeles |
| Valerie L. Flores<br>City Attorney's Office for the City of Los Angeles<br>200 North Main Street, 7th Floor MS 140<br>Los Angeles, CA 90012<br>Email: Valerie.flores@lacity.org | Attorney for Plaintiff, City of Los Angeles |
| Harvey Levine<br>City Attorney's Office for the City of Fremont<br>3300 Capitol Avenue<br>Fremont, CA 94538<br>Email: hlevine@fremont.gov | Attorney for Plaintiff, City of Fremont |
| Michael John Mais<br>City Attorney's Office for the City of Long Beach<br>333 W. Ocean Blvd., 11th Floor<br>Long Beach, CA 90802<br>Email: Michael.mais@longbeach.gov | Attorney for Plaintiff, City of Long Beach |

| | |
|---|---|
| Erin B. Bernstein<br>Malia McPherson<br>City Attorney's Office for the City of Oakland<br>1 Frank Ogawa Plaza, 6th Floor<br>Oakland, CA 94612<br>Email: ebernstein@oaklandcityattorney.org<br>mmcpherson@oaklandcityattorney.org | Attorneys for Plaintiff, City of Oakland |
| John M. Luebberke<br>City Attorney's Office for the City of Stockton<br>425 N. El Dorado Street, 2nd Floor<br>Stockton, CA 95202<br>Email: John.Luebberke@stocktonca.gov | Attorney for Plaintiff City of Stockton |
| Sue Ann Salmon Evans<br>Keith A. Yeomans<br>Dannis Woliver Kelley<br>115 Pine Avenue, Suite 500<br>Long Beach, CA 90803<br>Email: sevans@DWKesq.com<br>kyeomans@DWKesq.com<br><br>David R. Holmquist<br>Office of General Counsel<br>333 S. Beaudry Ave. 24th Floor<br>Los Angeles, CA 90017<br>Email: david.holmquist@lausd.net | Attorneys for Plaintiff Intervenor, Los Angeles Unified School District |

| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | JOHN F. LIBBY (Bar No. CA 128207) |
| 2 | E-mail: jlibby@manatt.com |
| | JOHN W. MCGUINNESS (Bar No. CA 277322) |
| 3 | E-mail: jmcguinness@manatt.com |
| | EMIL PETROSSIAN (Bar No. CA 264222) |
| 4 | E-mail: epetrossian@manatt.com |
| | 11355 West Olympic Boulevard |
| 5 | Los Angeles, California 90064 |
| | Telephone: (310) 312-4000 |
| 6 | Facsimile: (310) 312-4224 |
| | |
| 7 | LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW |
| | KRISTEN CLARKE (*Pro Hac Vice* Application Forthcoming) |
| 8 | Email: kclarke@lawyerscommittee.org |
| | JON M. GREENBAUM (Bar No. CA 166733) |
| 9 | E-mail: jgreenbaum@lawyerscommittee.org |
| | EZRA D. ROSENBERG (*Pro Hac Vice*) |
| 10 | E-mail: erosenberg@lawyerscommittee.org |
| | DORIAN L. SPENCE (*Pro Hac Vice*) |
| 11 | E-mail: dspence@lawyerscommittee.org |
| | 1500 K Street NW, Suite 900 |
| 12 | Washington, DC 20005 |
| | Telephone: (202) 662-8600 |
| 13 | Facsimile: (202) 783-0857 |
| | |
| 14 | *Attorneys for Plaintiffs* |
| | CITY OF SAN JOSE and BLACK ALLIANCE FOR JUST |
| 15 | IMMIGRATION |
| | |
| 16 | *[Additional Counsel Listed on Signature Page]* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF SAN JOSE, a municipal corporation; and BLACK ALLIANCE FOR JUST IMMIGRATION, a California nonprofit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> WILBUR L. ROSS, JR., in his official capacity as Secretary of the U.S. Department of Commerce; U.S. DEPARTMENT OF COMMERCE; RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau; U.S. CENSUS BUREAU, <br><br> Defendants. | 3:18-cv-02279-RS <br><br> **PLAINTIFFS' SECOND SUPPLEMENT TO THEIR INITIAL DISCLOSURES PURSUANT TO FED. RULE CIV. PROC. 26(a)** <br><br> Assigned to the Honorable Richard G. Seeborg |

Plaintiffs City of San Jose ("San Jose" or "the City") and the Black Alliance for Just Immigration ("BAJI") (collectively "Plaintiffs") make the following second supplement to their Initial Disclosures, originally submitted on June 21, 2018:

**II.     WITNESSES**

Plaintiffs identify the following individuals currently known to them as likely to have discoverable information that Plaintiffs may use to support their claims or defenses:

1. <u>San Jose's Persons Most Qualified ("PMQs")</u>, c/o Manatt, Phelps & Phillips, LLP, 11355 W. Olympic Blvd., Los Angeles, CA 90064 ("MPP"). San Jose will provide three additional PMQs on the following sub-topics:

    a.     Jill Bourne, Director of the San Jose Public Library System. Ms. Bourne will testify as to the use of census data in strategic planning for the San Jose library system and San Jose's need for accurate data quality.

    b.     Raymond Riordan, CEM®, Director, Office of Emergency Management. Mr. Riodan will testify as to the use of census data in strategic planning for the San Jose Emergency Management Department, including use of census population data to determine when various federal and state disaster grants are triggered.

    c.     Anthony Mata, Deputy Chief of Police. Mr. Mata will testify as to the use of census data in strategic planning for the San Jose Police Department.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: December 12, 2018 | **MANATT, PHELPS & PHILLIPS, LLP** |

By: *s/ John W. McGuinness*
    John F. Libby
    John W. McGuinness
    Emil Petrossian
    11355 West Olympic Boulevard
    Los Angeles, California 90064
    Telephone: (310) 312-4000
    Facsimile: (310) 312-4224

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
Kristen Clarke
Jon M. Greenbaum
Ezra D. Rosenberg
Dorian L. Spence
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

**PUBLIC COUNSEL**
Mark Rosenbaum
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

**CITY OF SAN JOSE**
Richard Doyle, City Attorney
Nora Frimann, Assistant City Attorney
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail: cao.main@sanjoseca.gov

*Attorneys for Plaintiffs*
CITY OF SAN JOSE and BLACK ALLIANCE FOR JUST IMMIGRATION