UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILBUR ROSS, et al.,<br><br>    Defendants.<br>-------------------------------------------------------<br>CITY OF SAN JOSE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILBUR L. ROSS, et al.,<br><br>    Defendants. | Case No. 18-cv-01865-RS<br><br>18-cv-02279-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE** |

On December 21, 2018, Defendants[1] filed a motion *in limine* requesting: (1) exclusion of five fact witnesses disclosed by Plaintiffs after the close of discovery and within a month of trial; (2) the admission of the Administrative Record into evidence; and (3) the exclusion of all evidence

---

[1] Plaintiffs in Case No. 18-cv-1865 are the State of California, the County of Los Angeles, the City of Los Angeles, the City of Fremont, the City of Long Beach, the City of Oakland, the City of Stockton, and the Los Angeles Unified School District (collectively, "California Plaintiffs"). Plaintiffs in Case No. 18-cv-2279 are the City of San Jose and the Black Alliance for Just Immigration ("BAJI") (collectively, "San Jose Plaintiffs"). Defendants in both matters are Wilbur Ross, in his official capacity as Secretary of the U.S. Department of Commerce; the U.S. Department of Commerce; Ron Jarmin, in his official capacity as Acting Director of the U.S. Census Bureau; and the U.S. Census Bureau.

beyond the Administrative Record relating to the merits of this litigation.

None of the parties to this action object to the admission of the Administrative Record.[2] Accordingly, these documents are admitted. The question whether additional evidence should be included in the Administrative Record, or whether extra-record evidence should be considered when evaluating the merits of this litigation, is reserved for trial. Therefore, the only remaining question is whether to exclude the testimony of Plaintiffs' newly disclosed fact witnesses.

On December 12, 2018, Plaintiffs served Defendants with supplemental initial disclosures under Federal Rule of Civil Procedure 26(a). These disclosures included five previously undisclosed fact witnesses whose testimony Plaintiffs intend to use to establish standing.[3] Upon submitting these supplemental disclosures, Plaintiffs offered to meet and confer with Defendants regarding related discovery, however no further discussion occurred. One week later, Defendants submitted the present motion requesting these witnesses be barred from testifying.

Under Federal Rule of Civil Procedure 37, a party that fails to identify a witness as required by Rule 26(a) may not call that witness to testify at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P 37(a). This rule "gives teeth" to Rule 26's disclosure requirements and provides "a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "[T]he burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

---

[2] For the purposes of this order the "Administrative Record" simply refers to the documents the parties agreed to admit in their joint pretrial statement. *See* Docket 119 (*State of California v. Ross*); Docket 125 (*City of San Jose v. Ross*). There was some discussion at the pretrial conference regarding the full scope of the administrative record and Plaintiffs' right to move for additions to that record. As explained below, the question of whether additional materials should be included in the administrative record is reserved pending trial.

[3] The California Plaintiffs disclosed two witnesses, Amy Bodek, Director of the Department of Planning for the County of Los Angeles, and Andrew Westall, Assistant Chief Deputy of the Office of Los Angeles City Council President. The San Jose Plaintiffs disclosed the remaining three new witnesses, Jill Bourne, Raymond Riordan, and Deputy Chief of Police Anthony Mata, but subsequently withdrew Mr. Mata as a witness.

United States District Court
Northern District of California

Plaintiffs argue persuasively that this delayed disclosure is harmless. As Plaintiffs note, Defendants declined to depose or seek discovery with respect to any of Plaintiffs' lay witnesses in this action, including Plaintiffs other standing witnesses. This suggests Defendants "would also not have deposed [the new witnesses] even if given the opportunity." *Ellis v. J.P. Morgan Chase & Co.*, No. 12-cv-03897, 2015 WL 9178076, at *8 (N.D. Cal. Dec. 17, 2015). This conclusion is bolstered by the fact that Defendants made no attempt to meet and confer regarding discovery related to these new witnesses. While there is no longer time to engage in even limited discovery without significant disruption, there likely was time to do so between December 12, when the supplemental disclosures were provided, and the beginning of trial on January 7. Finally, there is no indication the testimony at issue is likely to be the subject of dispute. This testimony apparently describes various uses of census data by California localities. Unsurprisingly, Defendants have elected not to cross-examine any of these witnesses. In sum, Plaintiffs have successfully demonstrated that admission of these witnesses' testimony is harmless. Accordingly, Defendants' request to exclude these witnesses is denied.

**IT IS SO ORDERED**.

Dated: 01/04/2019

_____
RICHARD SEEBORG
United States District Judge