JOSEPH H. HUNT
Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
MARSHA STELSON EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Tel.: (202) 514-4520
Email: marsha.edney@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, JR., *et al.*, <br><br> Defendants. | Civil Action No. 3:18-cv-01865-RS <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** <br><br> Judge: Hon. Richard Seeborg |

Defendants United States Department of Commerce, Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, Census Bureau, and Ron S. Jarmin, in his official capacity as performing the non-exclusive functions and duties of the Director of the Census Bureau, hereby submit objections to the following portions of Plaintiffs' trial declarations.

1

Plaintiffs have requested that the Court take judicial notice under Federal Rule of Evidence 201(b) of 3 facts and 15 documents. FRE 201 "permits a court to take judicial notice of adjudicative facts 'not subject to reasonable dispute.'" *United States v. Chapel,* 41 F.3d 1338, 1342 (9th Cir.1994). An adjudicative fact is one that is at issue in the particular case, where judicial notice of that fact will dispense with the need to present other evidence to prove that fact. *Korematsu v. U.S.,* 584 F.Supp. 1406, 1414 (N.D.Cal.1984); Advisory Notes to Fed.R.Evid. 201 ("Adjudicative facts are simply the facts of the particular case."). Because taking judicial notice of adjudicative facts dispenses with traditional methods of proof, a court should take notice of only facts which are "beyond reasonable controversy." *U.S. v. Jaimes,* 297 F.Supp.2d 1254, 1256 (D.Haw.2003). Moreover, judicial notice is only appropriate if, among other things, "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *4 (N.D. Cal. Aug. 20, 2015) (quoting *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010)

Plaintiffs have failed to explain the relevance of the facts or documents for which they are requesting the Court take judicial notice. And while "undisputed matters of public record" are judicially noticeable, a court may not take notice of *disputed* facts in public records. *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001)). Using requested fact 2 as an example, while this Court could take judicial notice that there was an April 24, 2018 subcommittee hearing, or even that Mr. Chiu spoke at the meeting, it is not appropriate to take judicial notice of the substance of his statement for the truth of the matter asserted. *See Illumina, Inc. v. Ariosa Diagnostics, Inc.,* No. CV 14–01921 SI, 2014 WL 3897076, *5 (N.D.Cal. Aug.7, 2014) ("It is improper for a court to take judicial notice of an exhibit for the truth of the matters asserted therein"); *Jackson v. City & Cty. of San Francisco*, No. C 09-2143

RS, 2012 WL 3580525, at *3 (N.D. Cal. Aug. 17, 2012)(denying judicial notice of exhibits offered to prove the truth of the matters asserted therein, is improper); *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (judicial notice cannot be used "to prove the truth of documents' contents"); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (a court cannot take judicial notice of disputed facts contained in public records). For the same reasons, the Court should also not take judicial notice of the two requested facts under FRE 201.

Plaintiffs also seek to admit 15 of their Trial Exhibits into evidence through judicial notice. *See* ¶¶ 4-17 (listing PTX-502-510, 512-515, 517-518). Defendants previously objected to these exhibits on relevance, hearsay, authentication grounds and also because Plaintiffs failed to provide a sponsoring witness for these documents. *See* ECF No. 139-1. Thus, taking judicial notice of these documents is improper. *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *4 (N.D. Cal. Aug. 20, 2015) (judicial notice is only appropriate if, among other things, "the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

Plaintiffs categorize these 15 exhibits as State of California legislative enactments, history and/or public records. Plaintiffs move for judicial notice of the contents of the entire documents, yet fail to explain the relevance or purpose for having the Court take judicial notice of these exhibits. Assuming these documents are relevant to the issues in this case, at most this Court could take judicial notice of the fact that there is legislative history of a particular statute or regulation (*see e.g.* PTX 506, 507) or existence of a committee hearing on a certain date (*see e.g.* PTX-510) or that the the California State Budget was enacted (*see e.g.* PTX-503, 504), but for the same reasons stated above, it could not take notice of these exhibits for the truth of the matter asserted therein. *Illumina, Inc. v. Ariosa Diagnostics, Inc.*, No. CV 14–01921 SI, 2014 WL 3897076, *5 (N.D.Cal. Aug.7, 2014). Moreover, the mere fact that these documents are taken from government websites does not

automatically permit the Court to take judicial notice of the documents. *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (rejecting notion that a document is judicially noticeable simply because it appears on a publicly available website).

In sum, because the relevance of these documents to the issues in this litigation is disputed, and because Plaintiffs have failed to provide the basis for taking judicial notice of these 15 exhibits documents, Plaintiffs' request for judicial notice of all 15 exhibits should be rejected.

Date:  January 11, 2019

Respectfully submitted,

JOSEPH H. HUNT
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director

  /s/ *Marsha Stelson Edney*
MARSHA STELSON EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-4520
Email: marsha.edney@usdoj.gov

*Attorneys for Defendants*