UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WILBUR ROSS, et al.,<br><br>　　　　Defendants.<br>-------------------------------------------------------<br>CITY OF SAN JOSE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WILBUR L. ROSS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-01865-RS<br><br>18-cv-02279-RS<br><br><br>**ORDER RE PLAINTIFFS' REQUESTS FOR JUDICIAL NOTICE** |

　　The plaintiffs[1] in this action have requested judicial notice of various facts and documents under Federal Rule of Evidence 201. Defendants[2] subsequently filed written objections to these

---

[1] Plaintiffs in Case No. 18-cv-1865 are the State of California, the County of Los Angeles, the City of Los Angeles, the City of Fremont, the City of Long Beach, the City of Oakland, the City of Stockton, and the Los Angeles Unified School District (collectively, "California Plaintiffs"). Plaintiffs in Case No. 18-cv-2279 are the City of San Jose and the Black Alliance for Just Immigration ("BAJI") (collectively, "San Jose Plaintiffs").

[2] Defendants in both matters are Wilbur Ross, in his official capacity as Secretary of the U.S. Department of Commerce; the U.S. Department of Commerce; Steven Dillingham, in his official capacity as Director of the U.S. Census Bureau; and the U.S. Census Bureau. Until recently, Ron Jarmin served as Acting Director of the Census Bureau, however on January 2, 2019 Steven Dillingham was confirmed as the new Director of the Census Bureau.

requests. In general, courts may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Ninth Circuit has cautioned, however, that simply because a document is susceptible to judicial notice "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc*, 899 F.3d 988, 999 (9th Cir. 2018).

**A. The California Plaintiffs' Requests for Judicial Notice**

1. <u>First Request for Judicial Notice</u>[3]

   *a. Items 1, 2, and 3*

The California Plaintiffs' request for judicial notice of the facts laid out in items 1-3 of their first request for judicial notice is granted. Defendants object to all three facts, arguing that it is not appropriate to take judicial notice of the statements included therein for the truth of the matter asserted. While the statements at issue here may not be admissible for the truth of the matter asserted, they are judicially noticeable for the purpose of establishing the legislative history for subsequent changes in state appropriations for census outreach. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *See Daghlian v. DeVry Univ., Inc.*, 574 F.3d 1212, 1213 n.1 (9th Cir. 2009); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005).

   *b. Items 4, 5, 8, 11, 12, 13, 14, 15, 16, and 17*

The California Plaintiffs' request for judicial notice of the documents described in items 4, 5, 8, 11, 12, 13, 14, 15, 16, and 17 of their first request for judicial notice is granted for the limited purpose of establishing the legislative history of subsequent appropriations.

   *c. Items 6 and 7*

The California Plaintiffs request judicial notice of the California State Budget 2018-19 as released by then Governor Edmund G. Brown Jr. They also request judicial notice of the 2018-2019 Budget Detail released by the Secretary of the Government Operations Agency. There is no

---

[3] Filed on January 9, 2019.

indication that the accuracy of the budget information published by the Governor and the Government Operations Agency are reasonably subject to dispute. Accordingly, judicial notice will be taken of the state budget as reflected in these two documents.

####  d.  Items 9 and 10

Items 9 and 10 refer to two reports issued by the California Complete Count Committee, an advisory committee to the Governor, which discuss, among other things, concerns regarding the citizenship question. These two requests for judicial notice are granted for the limited purpose of establishing the legislative history of state appropriations. The California Plaintiffs also argue these reports are independently admissible under the public records exception to the hearsay rule. Fed. R. Evid. 803(8). They specifically argue these reports set forth the committee's activities and are issued pursuant to a legal duty to report. It appears the committee was required by statute and executive order to produce these reports documenting the progress of their census outreach. Accordingly, these documents may be admitted for the truth of the matter asserted as well.

### 2. Second Request for Judicial Notice[4]

The California Plaintiffs also seek judicial notice of Secretary Ross's testimony before the Committee on Ways and Means of the U.S. House of Representatives on March 22, 2018. This request is granted. Finally, they seek judicial notice of a video recording of the April 24, 2018 California Assembly Budget Subcommittee hearing which appears on the subcommittee's website. This second request for judicial notice is granted for the limited purpose of establishing the legislative history of state appropriations.

## B. The San Jose Plaintiffs' Requests for Judicial Notice[5]

### 1. Judicial Notice of Facts

At trial on January 14, 2019, Defendants withdrew their objections to the fourteen facts laid out in the San Jose Plaintiffs' request for judicial notice. Judicial notice of these facts is, accordingly, granted.

---

[4] Filed on January 13, 2019.

[5] Filed on January 9, 2019.

2. Judicial Notice of Documents

The first two documents identified by the San Jose Plaintiffs relate to the local workforce development areas for the WIOA program. At trial on January 14, 2019, the San Jose Plaintiffs clarified that they were specifically seeking judicial notice of the various local workforce development areas, as set forth in these two documents. Judicial notice is granted with respect to these specific facts.

The third document identified in the request for judicial notice relates to the HUD Exchange Grantee Awards. The San Jose Plaintiffs are specifically seeking judicial notice that the City of San Jose receives funding from that grant program, which is discussed in the declaration of Kristin Clements. Judicial notice is granted with respect to this fact. Finally, Defendants withdrew their objections to the two remaining documents in the San Jose Plaintiffs' request. Accordingly, judicial notice is granted with respect to these documents as well.

**C. Los Angeles Unified School District's Request for Judicial Notice**

On January 14, 2019, LAUSD filed a request for judicial notice of article VIII, section 802 of the City of Los Angeles Charter. At trial that same day, Defendants expressly declined to object to LAUSD's request. Therefore, this request is granted.

**IT IS SO ORDERED**.

Dated: 01/17/2019

RICHARD SEEBORG
United States District Judge